## WELTON v. GARIBARDI.

Notice of appeal from the judgment of a justice of the peace, may be served on the attorney of the adverse party.

The general law regulating appeals, which provides that notice may be served on the party or his attorney, must govern cases arising in Justices' Courts.

Appeal from the County Court of the County of San Francisco.

The Court below dismissed the appeal of this cause from the Justice's Court, on the ground that notice of appeal must be served on the adverse party, and that service on his attorney in the case was insufficient.

*Martin & Dwinelle* for Appellant.

*James McCabe* for Respondent.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice TERRY concurred.

This is an appeal from the order of a County Court dismissing an appeal.

The simple ground on which the Court based its decision was, that the statute concerning appeals from Justices' Courts provides that, " an appeal may be taken by filing a notice with the justice, and serving it upon the adverse party," and that the notice in this case was served upon the attorney and not the party.

It is said that the law regulating appeals in other cases, requires the notice to be served upon the party or his attorney, and in this case the words, " or his attorney," have been excluded *ex industria*, and that the notice must be served upon the party himself. I can see no reason for ascribing any such intention to the Legislature, and am satisfied the words were omitted without any design whatever. If parties were compelled to appear *in persona* before Justices' Courts, and lawyers were excluded, then there might be some reason for the rule; but suits are brought and determined before these Courts in the absence of the parties, so that, in many instances, it would be impossible to serve notice in time upon the party himself; in fact, in many mining cases, where the parties are numerous, it would be a moral impossibility to serve notice upon all.

The general law regulating appeals, provides, that notice may be served on the party or his attorney, and this we think must govern this case. The appearance of the party by attorney in the County Court was also sufficient to give the Court jurisdiction. If we should affirm the decision of the Court below, a party may bring suit by his attorney, and by keeping out of the way, defeat the right of appeal; a construction more sharp than sound justice or liberal practice would warrant.

Judgment reversed.