[No. 7,296.—Department Two.]
October 28, 1882.

## J. W. VAN COURT v. MICHAEL WINTERSON.

FINDINGS — NEW TRIAL — BILL OF EXCEPTIONS — VACATING JUDGMENT —
PRACTICE.—Pursuant to an order of the Court below, the Clerk entered
judgment in favor of the defendant, but subsequently the Court, on
motion of plaintiff, vacated the judgment and restored the case to the
calendar for trial for the reason that it appeared that no findings had
been made, and that findings were not waived.

*Held:* Upon an appeal from the judgment, it would, in order to sustain
the judgment, have been presumed that findings had been filed or waived;
but in this case that presumption is overcome by the bill of exceptions
showing the facts.

APPEAL by defendant from orders of the Superior Court of
the City and County of San Francisco, vacating and setting
aside a judgment, and reinstating case on the calendar for
trial. EVANS, J.

The facts are stated in the opinion of the Court. Subse-
quent to the decision in department, a petition for hearing in
bank was presented and denied.

*Thomas V. O'Brien*, for Appellant.

It must be made to appear affirmatively by bill of excep-
tions, or some other similar and appropriate method, that no
waiver of findings had in fact occurred, otherwise the intend-
ment must go to support and not to overthrow the judgment
rendered. (*Mulcahy* v. *Glazier*, 51 Cal. 627; see also *Smith*
v. *Lawrence*, 53 id. 34; *Carr* v. *Cronan*, 54 id. 600; *Reynolds*
v. *Brumagim*, id. 258.)

I know of only three ways by which a judgment can be
set aside: By motion for a new trial; by proceedings under
Section 473, Code of Civil Procedure, upon the ground of
mistake, inadvertence, surprise, or excusable neglect; by the
Court, of its own motion, under Section 662, Code of Civil
Procedure, in certain cases of which this is not one.

*M. Mullany*, for Respondent.

The true spirit and meaning of our statute, as presented
by the Code of Civil Procedure, place a verdict of a jury and

a decision of a Court in a jury case as equivalent to each other. (Code Civ. Proc., §§ 632, 633, 656, 657, 659, 664, 670, etc.) And either the verdict or the decision (or a waiver of the decision) must be obtained before a judgment can be entered up. A judgment roll without either a verdict or decision (or waiver of the decision) is as destitute of vitality as if it presented no complaint, or presented no answer or evidence of service of process on the defendant. It is void. (Code Civ. Proc., § 670 ; *Russel* v. *Armador*, 2 Cal. 305.)

But appellant's bill of exceptions shows expressly that, from the papers and records in the case, which were used on the motion to restore the cause to the calendar for trial, "no findings of fact were ever prepared, signed, or filed in said cause, and the same were not waived by or on the part of plaintiff," etc.

The COURT :

The Court below made an order (which was entered in the minutes), that judgment be entered in favor of defendant. Thereupon, the Clerk entered judgment. Subsequently, the Court, on the motion of the plaintiff, ordered the judgment to be set aside, and the cause restored to the calendar for trial, for the reason that it appeared to the Court that no findings of fact were ever prepared, signed, or filed, and the findings were not waived.

We see no error in this. If the judgment had been appealed from, we would, in order to sustain the judgment, presume that findings had been filed or waived ; but in this case that presumption is overcome by the statement in the bill of exceptions that there were no findings, and that findings had not been waived.

The orders are affirmed.