| 67 | 53 |
| 97 | 392 |

[No. 8742.   Department Two.—May 22, 1885.]

# SAVINGS AND LOAN SOCIETY, RESPONDENT, *v.* SUSAN E. THORNE ET AL., APPELLANTS.

FINDINGS—JUDGMENT ENTERED WITHOUT.—In an action tried by the court without a jury findings, unless waived, are necessary, and a judgment entered in the absence of findings will be set aside.

ID.—WAIVER—NOTICE OF NEW TRIAL.—Findings are not waived by giving a notice of motion for a new trial.

APPEAL from an order of the Superior Court of the city and county of San Francisco, setting aside a judgment.

Action of ejectment.  The facts are stated in the opinion of the court.

*Bennett & Wigginton,* for Appellants.

*A. N. Drown,* for Respondent.

The lack of findings was fatal to the judgment. (Code Civ. Proc. §§ 632, 633; *Billings* v. *Everett,* 52 Cal. 663; *Dowd* v. *Clarke,* 51 Cal. 262; *Bond* v. *Pacheco,* 30 Cal. 534; Freeman on Judgments, §§ 129, 533.)

The COURT.—In this case a jury was waived, and trial had by the court. Findings were not filed or waived, and a judgment was entered in favor of the defendants. After the lapse of more than six months, plaintiff moved to have the judgment vacated on the ground above indicated. The motion was granted, and from the order granting it this appeal was taken. In *Dowd* v. *Clarke,* 51 Cal. 262, this court said: "There are no 'findings of fact' in this transcript, nor does it appear that such findings were waived in the court below, *in any of the three modes* provided for in section 634 of the Code of Civil Procedure. Unless waived a judgment cannot be permitted to stand in the absence of findings of fact."

Before giving notice of his motion to have the judgment vacated the plaintiff gave notice that he would move for a new trial, and afterwards gave notice of his abandonment of that motion. Appellants insist that by giving notice of motion for a new trial plaintiff waived findings. The statute, however, enumerates the modes by which findings may be waived and that is not one of them. The modes enumerated must be held to be exclusive. This case is not within the purview of section 473 of the Code of Civil Procedure.

Order affirmed.