70   231
98   206
98   362

---

[No. 11385.   Department Two. — July 28, 1886.]

## WILLIAM MACE, RESPONDENT, v. JAMES O'REILLEY, APPELLANT.

PRACTICE — EXPIRATION OF TERM OF JUDGE — ENTRY OF JUDGMENT AFTER — FINDINGS — WAIVER OF. — Where the term of office of the judge who tried the case expires after an order for judgment has been entered, but before the findings have been filed, no valid judgment can be entered in the action without a new trial being had, unless agreed findings are filed or waived by both sides.

ID. — JUDGMENT ENTERED WITHOUT FINDINGS — MOTION TO VACATE — NOTICE — TIME FOR MAKING MOTION. — If no agreed findings are filed or

waived, a judgment entered in conformity with the order after the expiration of the term of office of the trial judge may be set aside for want of findings on the motion of the party in whose favor the judgment is entered, without notice to the opposite party, notwithstanding the latter offers to waive findings, or to have them made by the successor of the judge who tried the case, and tenders to the prevailing party the amount of the judgment. Such a motion may be made after the expiration of six months from the date of the order for judgment, and after the termination of the session of the court at which it was made.

ID. — MOTION MAY BE RENEWED AFTER DENIAL — JURISDICTION — DISCRETION. — In such a case, the court has jurisdiction, and it is within its discretion, to allow the motion to vacate the judgment to be renewed, although it had previously been denied.

APPEAL from an order of the Superior Court of Los Angeles County vacating a judgment.

The facts are stated in the opinion.

*H. K. S. O'Melveny*, and *C. N. Wilson*, for Appellant.

*Graves & Chapman*, for Respondent.

FOOTE, C. — Mace brought an action for malicious prosecution against O'Reilley, claiming five thousand dollars damages.

The cause was tried by the court without a jury, and an order for judgment for one hundred dollars entered in the minute-book of the trial court in favor of the plaintiff, but no findings were *filed* or *waived*, and no final judgment ever entered. The order for judgment was made on the 16th of September, 1884. On the 19th of January, 1885, plaintiff moved the court to set the cause for trial, assuming that such was the proper course to pursue. That motion was denied by the court, and afterward, on the thirtieth day of March, 1885, the plaintiff served a notice and affidavit for the hearing on the thirteenth day of April, 1885, of a renewel of that motion, which the court had granted him leave to make. The affidavit set out, among other things, that the cause had been tried originally by Judge Howard, whose term expired in January, 1885, and that no findings had ever

been filed, or final judgment entered, or any other pro-ceeding had since the entry of the minute order of the judge of the 16th of September, 1884.

The defendant resisted this last motion, on the grounds that after the entry of the order of September 16, 1884, he had paid the amount of the judgment to the clerk of the court for the plaintiff, and had thereby waived all findings and entry of formal judgment in the action, because the court had no jurisdiction to grant the motion on the ground alleged, and that no notice was served within six months from the entry of the order for judgment; and further, because the defendant again waived all findings or judgment, and tendered and offered the money to the plaintiff, then on deposit with the clerk. On the 13th of April, 1885, the motion to place the cause on the trial calendar and vacate judgment was denied; the court basing its ruling upon the ground that the minute order of September 16, 1884, was not a nullity, and therefore that it could not wholly grant the motion, and that a final judgment must first be entered upon said order, and then plaintiff could attack that judgment thus made.

In pursuance of that suggestion, on the first day of June, 1885, the plaintiff moved the court to enter judgment in accordance with the order of Judge Howard.

On the 14th of September, 1885, the judgment on that order was made and entered by the clerk of the court.

The motion of the 1st of June, 1885, for entry of judgment, and the order of the 14th of September, 1885, in relation thereto, were without notice to the defendant.

On Monday, the 21st of September, 1885, the plaintiff made a motion (and filed an affidavit in support of it, setting out that no findings had been made or waived in the cause) that the judgment be vacated and the cause set for trial anew. Upon the argument of that motion, the defendant offered, by an entry on the minutes of the

court, to waive all findings or to agree to any findings necessary to support the judgment which the plaintiff might desire or the court make. The court, however, on the 24th of September, 1885, granted the motion of the plaintiff and made an order setting aside the judgment *for the want of findings*, as they had not been waived.

From that order the defendant appealed, and specified as errors of the court in granting it the following:—

. The court had no jurisdiction to make the order of June 1, 1885, as the defendant had no notice of it.

Until the orders made by the court on the 21st of January and April 13, 1885, were vacated, the court had lost its jurisdiction. Because the session of the court had expired at which the judgment ordered in 1884 had been entered, and more than six months had intervened.

The order of June 1, 1885, was granted upon the express condition that plaintiff was thereby to be enabled to move for a new trial, and the court erred in granting a resetting of the case for trial without such motion being made, and by indirection allowing plaintiff to evade that condition.

That the court ought to have filed the necessary findings, which the defendant stipulated might be done.

Because the order of the court in granting the motion of the 21st of September, 1885, was against law and against the express condition on which the judgment was ordered on the 1st of June, 1885. All the matters thus adverted to were included in a bill of exceptions.

. It is very evident that no valid judgment was entered in this cause during the administration of Judge Howard, as an order for judgment is not a final judgment. (*Macnevin* v. *Macnevin*, 63 Cal. 186.)

When that judge went out of office the trial was incomplete, and no proper judgment could be entered.

It seems to us that a new trial was inevitable, unless agreed findings should be filed or waived by both sides to the controversy.

The motion to vacate the judgment as made was initiated within about seven days after its rendition.

The fact that plaintiff did not formally move for a new trial, but chose rather to move to set aside and vacate the judgment, is of no material consequence. A new trial was inevitable in either event, and no error was committed by the court in setting aside the judgment for the want of findings. (*Van Court* v. *Winterson,* 61 Cal. 615.)

We are aware of no statute which required the defendant to be notified of an application to the court to have a final judgment entered against the defendant upon an order therefor formerly entered.

In the case of *Savings and Loan Society* v. *Thorne,* 67 Cal. 53, this court declared that a motion made to vacate a judgment for the want of findings was not limited to six months from the time of the entry of the judgment, and that section 473 of the Code of Civil Procedure was not applicable to such a case.

There is no waiver of findings shown in this record, as required by the statute, unless it should be held that the waiver of the defendant of all findings should entitle him to have a judgment entered up against himself without the plaintiff ever having waived findings.

Such is the ruling which the defendant desires made, but we cannot concur with him, as according to our view a waiver of findings to be conclusive must be assented to by all the contending parties to an action.

The objection that the court lost jurisdiction to make the order appealed from because it had previously made orders denying motions to set aside the judgment, at a session of court which had expired, is without merit. "Our constitution and code have abolished terms of court, and the rules which formerly prevailed for the correction of errors and irregularities cannot, as to time, be literally applied." (*Wiggin* v. *Superior Court,* 68 Cal. 398.) And we see no reason why the court could not in

its discretion allow a motion to be renewed which it had formerly denied.

The fact that the defendant paid the one hundred dollars to the clerk for the plaintiff before any final judgment was entered, and the plaintiff did not take it, furnishes no reason why the court should not have made the order appealed from.

. Nor do we perceive why the judge should have filed findings in a cause which he had not tried, and the evidence in which he had not heard, upon the offer made by the defendant to. allow such a course to be taken without the concurrence of the plaintiff.

We receive no prejudicial error in the record, and the order should be affirmed.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the order is affirmed.