[15053.   Department Two.— May 3, 1893.]

OWEN CONNOLLY, APPELLANT, v. THOMAS ASH-
WORTH, SUPERINTENDENT OF STREETS, ETC., RESPOND-
ENT.

98  205
98  362
98  205
107  261

TRIAL BY COURT— FILING DECISION. —The trial of a cause by the court is not concluded until the decision is filed with the clerk.

ID.—DECISION FILED AFTER EXPIRATION OF OFFICE OF JUDGE— JUDGMENT NOT SUPPORTED.— When a case is tried by the court without a jury, and the term of office of the judge expires before he files his decision in the case, the fact that it is signed by him and ordered by his successor in office to be filed, and is so filed, is not sufficient to sustain a judgment entered thereon.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Michael Mullaney* and *William Grant,* for Appellant.

*John H. Durst,* for Respondent.

FITZGERALD, C. — This case was tried by the court without a jury, and its decision given in writing and signed by the judge, but not filed with the clerk until after the term of office of the judge had expired.

Upon the back of the proposed decision and in the judge's handwriting appears the following indorsement:—

" To be left with the clerk and not filed till further notice or amendment heard by the court from def't (meaning plaintiff).
                              " T. H. REARDEN, Judge."

The judge thereupon instructed the clerk to deliver the proposed decision so indorsed to plaintiff's attorney for the purpose of proposing amendments in the event he saw fit to do so, which the clerk accordingly did. No amendments were ever proposed by either party, and so the matter stood on January 5, 1891, when Judge Rearden's term of office expired. Subsequently the court (Judge Rearden's successor in office presiding), on·motion of defendant, ordered the decision to be filed, and thereupon judgment was accordingly entered thereon against plaintiff. From which judgment and the order denying his motion for a new trial this appeal is taken by plaintiff.

Section 632 of the Code of Civil Procedure provides: "Upon the trial of a question of fact by the court, its decision must be given in writing and filed with the clerk. . . . ." And section 633 provides that, "In giving the decision, the facts found and the conclusions of law must be separately stated. Judgment upon the decision must be entered accordingly."

In view of these provisions it is clear that the trial of a cause by the court is not concluded until the decision is filed with the clerk; and when the term of office of the judge who tried the case expires before such decision is filed, the fact that it was signed by him and ordered by his successor in office to be filed with the clerk, and was so filed, is not sufficient to sustain the judgment entered thereon. (*Hastings* v. *Hastings*, 31 Cal. 95; *Van Court* v. *Winterson*, 61 Cal. 615; 2 Hayne on New Trial and Appeal, secs. 237, 246; *Warring* v. *Freear*, 64 Cal. 56; *Comstock Q. M. Co.* v. *Superior Court*, 57 Cal. 625; *Polhemus* v. *Carpenter*, 42 Cal. 384; *Anglo Cal. Bank* v. *Mahoney*, 2 Pac. C. L. J. 128, U. S. Cir. Ct.; *Mace* v. *O'Reilley*, 70 Cal. 231.)

Let the judgment and order be reversed, and the cause remanded for a new trial.

DE HAVEN, J., and McFARLAND, J., concurred.