Decided at PENDLETON, July 18, 1896.

## NEUBERGER *v.* BOYCE.
[45 Pac. 908.]

SERVICE OF NOTICE OF APPEAL — CODE, § 531.— Service of a notice of appeal from the circuit to the supreme court made upon a record attorney of the adverse party in the county where the trial was had is good, although such attorney may reside in another county.

From Harney: MORTON D. CLIFFORD, Judge.

This is a suit brought in the Circuit Court for Harney County by A. Neuberger and others to set aside a general assignment for the benefit of creditors made by the defendant Boyce to his codefendant Haines, on the ground that the same is fraudulent and void as to plaintiffs.  On August tenth, eighteen hundred and ninety-three, the defendant Boyce, be-

ing insolvent, made an assignment of his property
for the benefit of creditors to the defendant Haines,
who qualified and took possession thereof on the
fifteenth of the month. On the twenty-second plain-
tiffs commenced their actions at law against Boyce
to recover nine hundred and fifty-two dollars and
ninety-two cents and two hundred and seventy-five
dollars, respectively, and caused writs of attachment
to be issued and placed in the hands of the sheriff
of Harney County for service.

The officer being unable to find any property be-
longing to Boyce except what was in possession of
Haines under the assignment, seized and took into
his possession such property by force, and trans-
ported it to the county seat, some miles distant,
and retained possession thereof until the eighteenth
day of December, eighteen hundred and ninety-three,
when Haines regained possession in an action for its
recovery. In the mean time Haines had proceeded
with the discharge of his duties as assignee, made
an invoice and filed an inventory, corresponded with
the creditors, obtaining from them all except the
plaintiffs a statement of their respective claims, and
incurred considerable expense in so doing. On Aug-
ust twenty-fifth, eighteen hundred and ninety-three,
three days after the issuance of said writs of at-
tachment, this suit was commenced, and thereupon
Haines was enjoined from "further disposing of the
property." Haines answered, denying the allegations
of the complaint, and alleging that the assignment
was made in good faith for the purpose of making
a fair and equitable distribution of Boyce's property

among his creditors. Upon the issues thus joined a trial was had, resulting in a decree declaring the assignment fraudulent and void, and directing Haines to immediately deliver to the sheriff of Harney County all the property received by him from Boyce, or, in default thereof, that the plaintiffs recover of said Haines its value, found and ascertained to be two thousand one hundred and thirty-six dollars and sixteen cents. From this decree Haines appeals by serving in Harney County a notice thereof on C. W. Parrish, respondents' attorney of record, who resides in Grant County.

REVERSED.

For appellants there was a brief by *Messrs. Fee, Carter, Hailey and Austin*, with an oral argument by *Mr. James A. Fee.*

For respondent there was an oral argument by *Mr. John Bruce Messick.*

Opinion by MR. CHIEF JUSTICE BEAN.

The plaintiffs move to dismiss the appeal on the ground that service of notice of appeal on the attorney of record of the adverse party who does not reside in the county where the action or suit was tried is void, although it may in fact be made in such county. It has repeatedly been held, and may now be regarded as settled, that under section 531 of Hill's Code service of a notice of appeal may be made either upon a party or his attorney of record, even if the attorney resides in the county where

the trial was had, although this is a very broad construction of the statute, which would seem to require that when a party has a resident attorney service shall be made upon him, and not otherwise: *Butler* v. *Smith*, 20 Or. 126 (25 Pac. 381). But we are unwilling to carry the doctrine. to the extent contended for by the plaintiffs by holding that the section referred to, which provides that when a party has an attorney residing in a county where the action or suit is pending service of notices shall be made upon him, and not the party, requires that in all other cases such service shall be made upon the party, and not the attorney. Such a doctrine would be extremely inconvenient, often defeat the ends of justice, and would be a technical construction of the statute, unwarranted either by the demands of justice or established practice. An attorney stands for and represents his client, and, in the absence of a statute providing otherwise, service of notice of all interlocutory motions or proceedings arising in the course of an action or suit, including notices of appeal, may be made upon him with like effect as if upon the party himself: 2 Ency. of Pleading and Practice, 222; Wade on Notice, §§ 109 and 1321; *Tripp* v. *Santa Rosa Street Railway Company*, 144 U. S. 246 (12 Sup. Ct. 655); *Tripp* v. *DeBow*, 5 How. Pr. 114; *United States* v. *Curry*, 47 U. S. (6 How.), 106; *Welton* v. *Garibardi*, 6 Cal. 245. Indeed, some of the authorities referred to seem to indicate that such service must be made upon the attorney alone, but the better rule no doubt is that it may be made upon either the party

or his attorney. Now, the only change or modification of this rule to be found in our statute is the provision of section 531 of the Code, that if the attorney resides in the county where the action is pending, service must be made upon him, and not otherwise. But it does not provide or attempt to provide that service shall not be made in such county upon a nonresident attorney, and, in the absence of such a provision, we are of the opinion that service of a notice of appeal upon the attorney of record, made in the county where the trial was had, is good and valid, although he does not reside there; and the motion to dismiss must be overruled.

Upon the merits little need be said. Counsel for plaintiffs have not seen fit to file a brief on the merits, or argue the case orally, but nevertheless we have carefully examined the record; and are clear that the decree cannot be sustained, either upon the law or facts. There is not a scintilla of evidence showing or even tending to show that Haines was guilty of any fraud or misconduct in the matter, or that he knew or had reason to suspect that Boyce contemplated a fraudulent assignment, but, on the contrary, the evidence shows beyond doubt that he acted in the utmost good faith. He knew nothing about Boyce's financial condition, or that he contemplated making an assignment, until a day or two before it was made, when Boyce, at the suggestion of his attorney, requested him to act as assignee. This he declined to do until he could be further advised in the matter. After advising himself as to the duties and

responsibilities of an assignee, and the probable
length of time it would take to close up the estate,
he consented to act, the assignment was made,
and all the property of Boyce, so far as he knew
or had reason to believe, turned over to him to
be distributed among the creditors as by law pro-
vided.   But, notwithstanding all this, the decree
of the court below is against him personally for
the full value of the property assigned, without
either allegation or evidence to sustain it.   The
suit, although originally begun as a creditor's bill
to uncover property alleged to have been fraudu-
lently transferred, seems during its progress to
have been transformed by some legerdemain into
an ordinary action of replevin, prosecuted by the
plaintiffs against Haines alone, and resulted in a
judgment against him in favor of the sheriff of
Harney County for the recovery of the possession
of certain personal property, or, in case a return
thereof could not be had, a judgment in favor of
the plaintiffs in this suit for its value, being
more than double the amount of their demand
against Boyce.   It is but just, however, to the court
below to say that the form of the decree as entered
was never contemplated by it.   Its conclusion from
the evidence was that the assignment from Boyce to
Haines was fraudulent and void as to the plaintiffs,
and should be set aside as to them, and the prop-
erty subjected to seizure under their attachment.
But in this we think the court was in error.   The
assignment was made for the benefit of all Boyce's
creditors, and transferred all his property to Haines,

whether included in the inventory or not, (*Sabin v. Lebenbaum*, 26 Or. 420, 38 Pac. 434,) and it is difficult to perceive how it can be declared fraudulent as to general creditors when it will operate to distribute his property equally among them all. The plaintiff had at the time of the assignment no superior rights or equities over any of the other creditors, and should not be allowed to absorb the estate to the exclusion of others equally meritorious with them on mere suspicion or conjecture as to the motives of Boyce in making the assignment, or because of his misrepresentations as to his financial condition on the faith of which they extended him credit. The general assignment law is intended as an easy and convenient way by which an insolvent debtor may make an equitable distribution of his property among his creditors, and an assignment made thereunder should not be set aside as fraudulent unless the evidence clearly shows it to have been made with that intent. The decree of the court below will be reversed, and the complaint dismissed.

REVERSED.

Decided at PENDLETON May 11, 1896.