## TOOELE MEAT & STORAGE CO., v MORSE, DISTRICT JUDGE.

No. 2504.   Decided November 17, 1913 (136 Pac. 965).

1. JUSTICES OF THE PEACE—APPEAL—NOTICE OF JUDGMENT—WRITTEN NOTICE. Under the general rule that a written notice is contemplated where a statute requires notice without stating the manner of notification, Comp. Laws 1907, section 3744, requiring notice of the entry of a justice's judgment to be given by the successful party, either personally or by publication, contemplates a notice in writing. (Page 519.)

2. JUSTICES OF THE PEACE—APPEAL—NOTICES OF JUDGMENT—SUFFICIENCY. Only a substantial compliance with Comp. Laws 1907, section 3744, requiring notice of entry of a justice's judg-

ment to be given by the successful party, either personally or by publication, is required. (Page 519.)

3. NOTICE—SUFFICIENCY AND FORM. Mere informalities in a notice which do not mislead will not vitiate it; and, while a particular form of notice required by statute must usually be followed with reasonable strictness, it is generally sufficient if the notice proceeds from an authentic source and fully informs the party to be notified of the substance of the matters required to be noticed. (Page 520.)

4. JUSTICES OF THE PEACE—APPEAL—NOTICES OF JUDGMENT—SUFFICIENCY. Plaintiff's attorney wrote defendant's attorney that he desired to say that in the case of E., a corporation, which he represented as plaintiff, against the T. Company, in which defendant's counsel represented the defendant, before a justice named, judgment was entered in said court in favor of plaintiff and against defendant for the amount stated, and that an abstract of judgment was issued and filed in the district court on a date named, and that the judgment, with interest, would amount to the sum named. *Held*, that the letter was sufficient as a notice of entry of judgment required by Comp. Laws 1908, section 3744, to be given by the successful party on rendition of a judgment. (Page 520.)

5. JUSTICES OF THE PEACE—APPEAL—ENTRY OF JUDGMENT—NOTICE TO ATTORNEY. Under Comp. Laws 1907, section 3335, providing that, where a party has an attorney, the service of papers, except of process, must be upon the attorney instead of the party, notice of entry of judgment for plaintiff in a justice's court was properly served upon the attorneys of defendant. (Page 521.)

6. JUSTICES OF THE PEACE—APPEAL—NOTICE OF JUDGMENT. Comp. Laws 1907, section 3744, requiring notice of entry of a justice's judgment to be given to the losing party, should receive a reasonable construction and application.[1] (Page 521.)

7. JUSTICES OF THE PEACE—NOTICE OF JUDGMENT—FILING IN JUSTICE COURT—NECESSITY. Comp. Laws 1907, section 3744, providing that notice of entry of a justice's judgment must be given to the losing party, either personally or by publication, and the time of appeal shall date from its service, requires such notice and proof of its service to be filed in the justice's court, where judgment is entered, and made a part of the record, since any question of the sufficiency of the notice must be determined from the record. (Page 522.)

---

[1] State v. District Court, 38 Utah, 138, 110 Pac. 981, Ann. Cas. 1913B, 437.

8. JUSTICES OF THE PEACE—APPEAL—RECORD.  The appellate court on appeal from a justice's judgment should be able to determine its jurisdiction from an inspection of the record.[2]  (Page 522.)

APPLICATION for writ of mandate by the Tooele Meat & Storage Company against C. W. Morse as District Judge.

WRIT DENIED.

*Evans and Evans* for plaintiff.

*W. S. Marks* for defendant.

FRICK J.

Upon the application of the plaintiff herein this court issued an alternative writ of mandate directed to the defendant, the Honorable Charles W. Morse, as judge of the district court of Tooele County, Utah, requiring him to show cause why a permanent writ should not issue compelling him to reinstate and hear a certain appeal which had been dismissed by him in a case wherein the Eite Candy Company was plaintiff and the Tooele Meat & Storage Company, the plaintiff herein, was defendant. The appeal aforesaid was taken from a judgment entered on the 8th day of February, 1912, in the justice's court of Tooele City in favor of said plaintiff and against said defendant. The appeal was taken pursuant to Comp. Laws 1907, section 3744, which, so far as material here, is as follows:

"Any person dissatisfied with a judgment in a justice's court, whether the same was rendered on default or after trial, may appeal therefrom to the district court of the county at any time within thirty days after the rendition of any final judgment. Notice of the entry of the judgment must be given to the losing party by the successful party either personally or by publication, and the time of appeal shall date from the service of said notice."

---

[2] State v. District Court, 36 Utah, 267, 103 Pac. 261.

On the 18th day of September, 1912, the attorney for the plaintiff in the action in which judgment as aforesaid was entered wrote the attorneys for the defendant in said action in part as follows:

"Evans & Evans, Attys. Salt Lake City, Utah: In pursuance to the request of your Mr. P. C. Evans at Wendover at a recent meeting we had there, I desire to say the case of Eite Candy Company, a corporation, which I represented as plaintiff against Tooele Meat & Storage Company, a corporation, in which you represented the defendant, before L. E. Kramer, city justice of the peace of Tooele City, Tooele County, Utah, that judgment ,was entered in said court in favor of the plaintiff and against the defendant on the 8th day of February, 1912, for the sum of $170.93, and for $5.20 costs. That an abstract of judgment was issued from said court and filed in the district court on the 13th day of May, 1912. Since that date there has been accruing costs in the sum of six dollars. The judgment, with interest to date, would be $188.35 and costs due would make a total due of $193.55."

In addition to the foregoing the letter also stated that the plaintiff would discount the amount of the judgment twenty per cent, if paid. On the 21st of September, 1912, the attorneys for the defendant, in a letter to the attorney aforesaid, acknowledged receipt of the foregoing letter and informed him that they would consider the subject-matter of his letter later and would advise him further in the matter. Without further communication between the parties the attorneys for the defendant, on the 28th day of Ocober, 1912, attempted to appeal from the judgment aforesaid by serving the statutory notice of appeal. The transcript was accordingly sent to the district court, where counsel for the plaintiff in said action moved to dismiss the appeal upon the ground that it was not taken within the time required by the statute aforesaid. The district court received the letters aforesaid in evidence and granted said motion and dismissed said appeal, whereupon this proceeding to reinstate the same was commenced, as before stated.

The only question presented for determination by the parties is whether the letter written by plaintiff's attorney and received by defendant's attorneys in the action aforesaid was a substantial compliance with the statutory provision we have quoted above respecting the giving of the notice of entry of judgment in the justice's court.  The district court held that the letter constituted sufficient notice of the entry of judgment in the justice's court to set the time in motion within which an appeal must be taken, and in view that the notice of appeal was not served within thirty days after said notice was received and acknowledged by the attorneys for the defendant in said action that the appeal was not taken in time. The plaintiff herein contends that the letter did not constitute the notice contemplated by the statute, and hence was no better than if no notice had been given, and that therefore the appeal was taken in time.

We think the law is well settled that, where a statute requires notice to be given but is silent with respect to the manner of notification, written notice is understood. (29 Cyc. 1117.)  The statute to which we have referred being silent with respect to the kind or character of notice that should be given, we shall assume, and so hold, that a **1, 2** notice in writing is contemplated. It must, however, also be kept in mind that the statute does not prescribe any particular form of notice, but all that is required is that "notice of the entry of judgment must be given to the losing party." A substantial compliance with the statute in that regard is, we think, all that is necessary.

The law respecting notice is well stated in 29 Cyc. 1117, in the following words:

"The general rule in respect to notices is that mere informalities do not vitiate them so long as they do not mislead, and give the necessary information to the proper parties."

Of course, where the statute prescribes a particular form of notice, then, as a general rule, the form required must be followed with reasonable strictness, as under such cir-

cumstances the form may be regarded as matter of substance. But where the statute does not prescribe a form, the question ordinarily is whether the notice actually given constitutes a substantial compliance with the statute. If the notice required by the statute therefore emanates from an authentic source and is such as to apprise the party to be notified fully of the whole substance of the matters concerning which the statute requires notice to be given, the notice is ordinarily held sufficient. (*Fry v. Bennett,* 7 Abb. Prac. [N. Y.] 352.) See, also, 5 Words and Phrases, pp. 4842 to 4844.

We think the notice in this case fully measures up to the foregoing requirements. The court wherein the judgment was obtained and the names of the parties to the action were given, and the date of the judgment and the amount thereof, with costs, were clearly stated. We cannot see how it can well be said that anything more could have been required in order to fully inform the defendant in that action of the entry of the judgment and the time when, and the amount for which, it was entered. From a mere inspection of the letter the defendant could prepare its notice of appeal, and this is certainly all the information that could be required. Counsel for the plaintiff herein, however, do not claim that the contents of the letter were insufficient as a notice of the entry of judgment; but what they do claim is that notice of that fact cannot be imparted or served in the form it was done. They contend that in order to constitute notice it must be a formal notice of the entry of judgment and nothing else. It seems to us that counsel's own conduct shows that they deemed the notice sufficient in the form it was given. In attempting to take the appeal, so far as the record shows, they acted upon the notice only and upon nothing else. As we have seen, they acknowledged receipt of the letter on the 21st day of September, 1912, and on the 28th day of October following, without any further notice, served their notice of appeal. Had they acted seven or eight days sooner, their appeal would have been in ample time. From their own conduct, therefore, it appears that, if they had thought the

notice contained in the letter was insufficient, they would have waited indefinitely for a formal notice and then have appealed within thirty days after receiving the same. They must have deemed the notice contained in the letter as being at least of some force or they, in all probability, would not have acted as they did.

Again, if formal notice had been served, it would still have been good service if made upon counsel, since they were the attorneys for the defendant in the action pending in the justice's court. Such is the effect of Comp. Laws 1907, section 3335, and in such is the law generally. See *Tripp v. Santa Rosa, etc., Ry. Co.,* 144 U. S. 126, 12 Sup. Ct. 655, 36 L. Ed. 371; *Davis v. Wakelee,* 156 U. S. 684, 15 Sup. Ct. 555, 39 L. Ed. 578; *Neuberger v. Doyce,* 29 Or. 458, 45 Pac. 908.

The only two cases cited by plaintiffs attorneys, namely *Deimel v. Obert,* 20 Ill. App. 557, and *Williams v. Brummel,* 4 Ark. 129, are not in point. All that is decided in those cases is that, where a statute requires "notice in writing" to be served, the statute is not complied with by merely reading a notice to the party to be served without delivering a copy of the notice to him. In the case at bar counsel could have accepted service of any formal notice, and their acknowledgment of the receipt of the letter was in legal effect an acceptance of the notice if it was otherwise sufficient as such.

We think the statute should receive a reasonable construction and application. Its evident purpose is to give a judgment creditor time to appeal his case if he so desires; and in order to make the purpose effectual, the statute requires that he be notified in writing of the entry of the judgment against him before he is required to act. Where, however, a party is notified of the entry of judgment in writing, as was done in the case pending in the justice's court, we can see no good reason for holding that more can reasonably be required. We have already (*State v. District Court,* 38 Utah, 138, 110 Pac. 981, Ann. Cas. 1913B, 437) given the statute a reasonable application by holding that a

party may waive the notice by doing some unequivocal affirmative act, indicating that he does not rely on the notice. There is nothing in the statute, however, that requires a particular notice to be served in a particular manner, but all that is required is that the judgment debtor be notified in writing of the entry of judgment against him so that he may avail himself of his right to prosecute an appeal. It is clearly apparent that the judgment debtor in this case had ample notice of the entry of judgment against it for more than thirty days before an appeal was attempted, and hence it had all that the statute contemplates that it should have; and in view of this neither the district court nor this court is authorized to grant it more.

In concluding this opinion we desire to state that in our judgment the statute contemplates that the notice of entry of judgment and proof of service thereof should be filed in the justice's court where the judgment is entered **7, 8** and made a part of the record in the case. When that is done, a mere inspection of the record will disclose what every record on appeal should disclose, namely, whether or not the record discloses jurisdiction in the appellate court. If in the case herein referred to defendant's attorney had filed a copy of his letter which he claimed constituted notice, together with the one he received from plaintiff's attorneys in which they acknowledged receipt of the former letter, with the justice and the latter had included the letters in the transcript which he certified upon appeal, the record would have disclosed the notice of entry of judgment and acceptance thereof, and in such case all the appellate court would have been required to do would have been to pass upon the sufficiency of the notice if its sufficiency were assailed. That is all the appellate court should be called on to do in any case. That is, in every case the appellate court should be able to determine its jurisdiction from an inspection of the record. (*State v. District Court,* 36 Utah, 267, 103 Pac. 261.) As pointed out in the case just cited, if the record on appeal fails to disclose jurisdiction and the appellant nevertheless asserts that the facts which confer jurisdiction exist but do

not appear of record, or if the appellee insists that the evidence showing that the appeal was not taken in time exists but does not appear from the record, then the appellate court should permit either party to file his evidence in the justice's court from which the appeal comes and have that court certify up such evidence as part of the record, and when the record is presented to the district court that court from a mere inspection thereof may then determine whether or not it has jurisdiction of the appeal and rule accordingly. The evidence showing jurisdiction or want thereof should first be presented to and filed in the court of original jurisdiction and by that court made a part of the record on appeal. In the case before us, however, no question was raised with regard to whether notice of entry of judgment was served or accepted; the manner of proof being waived, the receipt of the letter constituting notice of entry of judgment acknowledged, the district court was called upon to determine only the sufficiency of the notice, the same as in any case where its sufficiency is assailed. Such a question may arise in any case, and that question must then be determined from what appears on the record and not from evidence *dehors* the record.

For the reasons heretofore stated the writ requiring the district court to reinstate the appeal should therefore be, and it accordingly is, denied, with costs.

McCARTY, C. J., and STRAUP, J., concur.