## EMERSON-BRANTINGHAM IMPLEMENT CO. v. STRINGFELLOW, District Judge, et al.

No. 3574.  Decided December 17, 1920.  (194 Pac. 340.)

1. NEW TRIAL—DECISION OF COURT WITHOUT JURY DATES FROM FILING, AS AFFECTING TIME TO MOVE FOR NEW TRIAL. Comp. Laws 1917, § 6980, requires motions for new trial to be made within five days after decision of court or referee in a nonjury case, and there is no decision in such case until the findings of fact and conclusions of law are signed by the judge and lodged with the clerk for filing, unless the same are expressly waived, and notices served on counsel before such filing were premature.

2. NEW TRIAL—NOTICES OF PRESENTMENT OF FINDINGS AND JUDGMENT FOR SIGNATURE HELD INSUFFICIENT AS NOTICES OF JUDGMENT. A notice that on a certain day plaintiff would present his findings of fact and conclusions of law and judgment to the judge for approval and signature, and a later notice that the findings and judgment were with the judge and had not been filed with the clerk, were insufficient as notices of a judgment rendered.

3. NEW TRIAL—NOTICE OF JUDGMENT MUST BE WRITTEN AND POSI-

TIVE THAT DECISION HAS BEEN RENDERED.  While no particular
form is required for notice of judgment, it must be in writing
and positive as to the fact that a decision has been rendered;
otherwise it is insufficient.[1]

4.  NEW TRIAL—WHERE NO NOTICE OF DECISION WAS GIVEN, DE-
    FENDANTS COULD MOVE FOR A NEW TRIAL AT ANY TIME BEFORE
    APPEAL RIGHT EXPIRED.  Where notices of judgment served on
    defendant were illegal and of no effect, so that there was no
    notice of decision, the defendants could move for new trial
    at any time before their right of appeal expired.[2]

Action by the Emerson-Brantingham Implement Com-
pany against J. W. Stringfellow, Judge of the District Court
of Salt Lake County, and others, for a writ of prohibition.

ALTERNATIVE WRIT QUASHED, AND PEREMPTORY WRIT DENIED.

See, also, 53 Utah, 539, 174 Pac. 181.

*D. W. Moffat,* of Murray, for plaintiff.

*W. B. Higgins,* of Filmore, and *Straup, Nibley & Leather-
wood,* of Salt Lake City, for defendants.

THURMAN, J.

Plaintiff has applied to this court for a writ of prohibition
to prohibit the defendant Hon. J. W. Stringfellow, as judge
of the district court of Salt Lake county, from hearing a
certain motion for a new trial, and for other relief.  An
alternative writ was issued, and defendants appeared and
answered.

The material facts are not in dispute.  In the month of
February, 1920, Hon. Wilson McCarthy, then judge of said
court, in a case pending before him between the above-named
plaintiff and the defendants Hansen and Giles, orally an-
nounced that he would find the issues in favor of the plain-

---

[1] *Tooele Meat & Storage Co.* v. *Morse,* 43 Utah, 515, 136 Pac. 965.
[2] *Everett* v. *Jones,* 32 Utah, 494, 91 Pac. 360.

tiff. On the 25th of the same month plaintiff's attorney addressed the following communication to the attorneys for the defendants.

"You will herewith please find proposed findings of fact, conclusions of law, and judgment in the case of Emerson-Brantingham Implement Company v. J. H. Giles and E. M. Hansen. The same will be presented to Hon. Wilson McCarthy, judge, on Saturday, March 6, 1920, for approval and signing. You will therefore please take notice of said proposed presentation and kindly acknowledge receipt of copies."

On March 17th, next following, plaintiff's attorney addressed another communication to the defendants' attorneys, as follows:

"You will herewith find inclosed copy of memorandum of costs in the case of Emerson-Brantingham Implement Company, a Corporation, v. Hansen and Giles. A previous cost bill has been served upon you identical with the one herewith served in so far as amount, and this one is served for the reason that it is probable that the other one may have been prematurely filed. For some reason best known to the court the findings of fact, conclusions of law, and judgment were not signed or dated the day for which they were noticed, but were held by the judge for some time. I have just been informed that they were signed on the 12th of March. This information was obtained from the clerk, and we were unable to verify the actual date placed upon the judgment and findings for the reason that Judge McCarthy is in Summit county and the findings and judgment were locked in his desk in his chambers, as I was informed by the clerk. The situation presents an anomalous one, and I trust that our service of this copy of this cost bill in lieu of the previous one, which may have been premature, will be satisfactory. Kindly acknowledge service of the copy."

These communications were received in due course by the defendants' attorneys. On April 2d, following, findings of fact and conclusions of law and judgment were filed with the clerk. The date mark on the findings and conclusions indicates that they were signed by the judge on the 10th day of March, 1920. Nothing further appears to have been done in the case until August 18, 1920, when defendant Hansen, served plaintiff with notice of intention to move for a new trial. The notice was filed with the clerk on the 23d of the same month. On September 1st, next following, plaintiff

served and filed notice of motion to strike defendants' motion for a new trial from the files on the grounds that it was not served in time. The motion to strike was heard on the 4th of September and denied on the 10th, the defendant Hon. J. W. Stringfellow as judge presiding.

Plaintiff contends that the district court of Salt Lake county is without jurisdiction to hear the motion for a new trial; that the two notices served by plaintiff on defendants' counsel February 25th and March 17th, above quoted, were sufficient as notice of the court's decision; and that when defendant's failed to take further steps in the case for a period of more than five days aftes service of the last notice the court was without jurisdiction to hear the motion.

Defendants assail the validity of the notice relied on by the plaintiff on the grounds. (1) That the alleged notice was premature for the reason that the findings of fact and conclusions of law had not been filed, and that therefore no decision had been made; (2) that the alleged notices, in any event, did not inform defendants that the court had decided the case.

1. Comp. Laws Utah 1917, § 6980, as far as material here, reads:

"The party intending to move for a new trial must, within five days after the verdict of the jury, if the action were tried by a jury, or after notice of the decision of the court or referee, if the action were tried without a jury, file with the clerk, and serve upon the adverse party a notice of his intention. * * * "

This statute was taken from the California Code of Civil Procedure.

Hayne, New Trial and Appeal (Revised Edition) § 246, has the following, among other, provisions:

"The mere signing of the findings does not amount to a decision. Accordingly, when the findings were signed in another county from that in which the action was pending and forwarded to the clerk, it was held, that the fact that the signature of the judge was affixed in another county was immaterial, and the court said, 'It was not the signing but the filing of the findings and order for judgment that determined the action.' So it would seem that until the findings which have been signed have been

filed the judge may change them in any respect or revoke his signature" (citing California cases).

In 1 Spelling, New Trial, p. 6, the same doctrine is announced as follows:

"But in case of a trial by the court without a jury, until a decision has been entered in the minutes or reduced to writing by the judge and signed by him and filed with the clerk a case has not been tried" (citing California cases).

In volume 2 of the same author (section 606), it is said:

"Signing what purports to be findings does not constitute findings. It requires both reduction of the decision to writing and its filing with the clerk to constitute the decision called for by the statute. * * * "

In *Connolly* v. *Ashworth*, 98 Cal. 205, 33 Pac. 60, in construing sections 632 and 633 of the California Code of Civil Procedure, requiring decisions to be in writing and filed with the clerk, separately stating the findings of fact and conclusions of law, the court said:

"In view of these provisions it is clear that the trial of a cause by the court is not concluded until the decision is filed with the clerk; and when the term of office of the judge who tried the case expires before such decision is filed, the fact that it was signed by him and ordered by his successor in office to be filed with the clerk, and was so filed, is not sufficient to sustain the judgment entered thereon"—citing *Hastings* v. *Hastings*, 31 Cal. 95; *Van Court* v. *Winterson*, 61 Cal. 615; 2 Hayne, New Trial and Appeal, §§ 237, 246; *Warring* v. *Freear*, 64 Cal. 56, 28 Pac. 115; *Comstock Q. M. Co.* v. *Superior Court*, 57 Cal. 625; *Polhemus* v. *Carpenter*, 42 Cal. 384; *Anglo Cal. Bank* v. *Mahoney Mining Co.*, 2 Pac. Coast Law J. 128 (U. S. Cir Ct.); *Mace* v. *O'Reilley*, 70 Cal. 231, 11 Pac. 721.

Our statutes (Comp. Laws Utah, §§ 6828, 6829), relating to the same subject are copied from the California Code.

In *Carpentier* v. *Thurston*, 30 Cal. 123, it was held that the decision of the court could not be said to have been rendered until it was filed with the clerk.

In *Broder* v. *Conklin*, 98 Cal. 360, 33 Pac. 211, the third paragraph of the syllabus, which reflects the opinion of the court, reads:

"The trial of an action is not completed until a decision has been given in writing and filed with the clerk which states the conclusions of law upon which the judgment is to rest."

There are numerous other cases decided by the Supreme Court of California to the same effect. Some of them were decided before our statute was enacted.

The question as to what constitutes "the decision of the court," as contemplated in section 6980, above quoted, has not been heretofore decided by this court. In the absence of such a decision, or of some reason why the rule adopted in California should not be adopted here, we feel it our duty to apply the California rule and hold that where a case is tried to a court without a jury there is no decision until the findings of fact and conclusions of law are signed by the judge and lodged with the clerk for filing, unless the same are expressly waived. Applying the rule to the instant case, it follows that the communications of February 25th and March 17th, served by plaintiff's attorney on defendants' attorneys and relied on by plaintiff as notice of the decision of the court, were premature and of no effect, inasmuch as the decision had not been filed. As long as the judge retained the documents in his possession without filing the same with the clerk, they were subject to such change or modification as the judge might thereafter make, notwithstanding his signature may have been attached thereto. This being the case, the logic of the California rule seems to be unanswerable.

2. It is also contended by the defendants that, in any event, the notices were insufficient to inform the defendants that a decision had been rendered by the court. The communication of February 25th, relied on as notice, is, manifestly, not a notice of decision rendered, but is at most only a notice that on a certain day plaintiff would present his proposed findings of fact and conclusions of law and judgment to the judge for his approval and signature. The documents referred to were served with the communication. It certainly cannot be contended that such a communication, together with the documents accompanying it, served on the 25th day of February, would be notice of a decision which was not rendered until the following April. The same may be said of the communication served with the

memorandum of costs on March 17th. No decision of the court had been rendered at that time, and consequently no notice of decision could be given. The statute does not require that the notice should be in any particular form. It has been held, however, by a former decision of this court, that the notice must be in writing. *Tooele Meat & Storage Co.* v. *Morse,* 43 Utah, 515, 136 Pac. 965, and authorities there cited. Whatever may be the form of the notice, it should at least be positive as to the fact that a decision has been rendered. Unless it so informs the losing party, the notice is insufficient.

The court is of the opinion that the alleged notice in this case does not comply with the provisions of the statute, and, in legal effect, was no notice at all. It follows, therefore, that defendants' notice of intention to move for a new trial was served in time, and that the defendant Hon. J. W. Stringfellow, as judge of the trial court, had jurisdiction to hear the motion. As long as there was no notice of the decision of the court, the defendants had the right to move for a new trial at any time before their right to appeal expired. *Everett* v. *Jones,* 32 Utah, 494, 91 Pac. 360, and cases there cited.

For the reasons stated, the alternative writ is quashed and a peremptory writ denied, at plaintiff's costs.

CORFMAN, C. J., and FRICK, WEBER, and GIDEON, JJ., concur.