BAILEY v. JONES et al.

No. 3780.   Decided June 23, 1422.   (208 Pac. 525.)

APPEAL AND ERROR—NOTICE OF APPEAL FILED OVER SIX MONTHS AFTER ENTRY OF JUDGMENT HELD NOT TO CONFER JURISDICTION ON APPELLATE COURT.  Under Comp. Laws 1917, § 6980, requiring a party intending to move for a new trial to file and serve a notice of intention within five days after decision of court, where a motion for a new trial was filed April 26th, and findings of fact and conclusions of law were made and filed and the judgment was entered April 29th following, the motion for a new trial was premature, since there was no decision until the findings of fact and conclusions of law were assigned by the judge, and the appellant's time within which to appeal began to run April 29th, the date of entry of judgment, and a notice of appeal filed February 9th following, more than six months after the filing and entry of judgment, was too late to confer jurisdiction on the appellate court.[1]

Appeal from District Court, Seventh District, San Juan County; *George Christensen*, Judge.

Action by J. M. Bailey against F. P. Jones and others. From judgment for plaintiff, defendant F. I. Jones appeals.

APPEAL DISMISSED.

*F. B. Hammond, Jr.,* of Monticello, for appellant.

*O. W. McConkie,* of Monticello, and *Patterson & Constantine,* of Moab, for respondent.

CORFMAN, C. J.

---

[1] *Emerson-Brantingham Implement Co.* v. *Stringfellow* (57 Utah, 284,) 194 Pac. 340.

Plaintiff brought this action in the district court of San
Juan county against the defendants to recover the amount
due and owing on a certain promissory note alleged to have
been given to him August 28, 1919, by the defendants F. P.
Jones, J. H. Jones, Alice Jones, and Nora Jones as makers
and F. I. Jones as a guarantor of the payment thereof. The
complaint is in the usual form in such actions.

None of the defendants appeared in said action except F.
I. Jones, who filed an answer denying generally all the al-
legations of the complaint, and as a special defense thereto
in substance pleaded that he indorsed said note without con-
sideration as an accommodation to the plaintiff for the pur-
pose of enabling him to better handle said note as collateral
and by reason of a promise made by the plaintiff that he
would not be required to pay the same.

Plaintiff interposed a general demurrer to said answer,
which was sustained by the district court.

After the defendant F. I. Jones had failed to further plead
the court received evidence in support of the allegations of
the complaint and rendered judgment according to the prayer
thereof for the amount of the note, interest, and costs against
each and all of the defendants.

The defendant F. I. Jones, alone appeals, after applying
for and being denied a new trial. He assigns as error:
First, the sustaining of the plaintiff's demurrer; and, sec-
ondly, the denial of his motion for a new trial.

The plaintiff has interposed a motion to dismiss the appeal,
for the reason that the appeal was not taken within the time
required by law in order to confer jurisdiction upon this
court; and, secondly, for failure to comply with our statutes
and the rules of this court relating to appellate procedure.

The record shows that the case was tried to the court sitting
without a jury. Findings of fact and conclusions of law were
made and filed and the judgment was made and entered by
the court on April 29, 1921. The appealing defendant filed
his notice of appeal February 9, 1922, nearly 10 months after
the entry of judgment.

Defendant's motion for a new trial was filed April 26, 1921,

three days prior to the filing of the court's findings of fact, conclusions of law, and judgment. The defendant's motion for a new trial was denied by the court September 2, 1921.

It is the contention of the plaintiff that the defendant's motion for a new trial was prematurely made, and therefore defendant should have filed his notice of appeal within six months from the date of the entry of the judgment in order to confer jurisdiction upon this court. In the case of *Emerson-Brantingham Implement Co.* v. *Stringfellow*, 57 Utah, 284, 194 Pac. 340, it was held by this court, Mr. Justice Thurman writing the opinion, that our statute, Comp. Laws Utah 1917, § 6980, "requires motions for new trial to be made within five days after decision of court or referee in a nonjury case, and there is no decision in such case until the findings of fact and conclusions of law are signed by the judge and lodged with the clerk for filing, unless the same are expressly waived, and notices served on counsel before such filing were premature." (Syllabus.) Therefore, in conformity with what was decided in the case above cited, defendant's time within which to appeal began to run April 29, 1921, the date of the entry of judgment. As pointed out, defendant did not file his notice of appeal until February 9, 1922, more than six months after the filing and entry of judgment, therefore too late to confer jurisdiction upon this court as heretofore decided by this court at this term in the case of the *First National Bank of Ogden* v. *Nielson*, 60 Utah, 227, 208 Pac. 522, but not yet [officially] reported.

It follows that the plaintiff's motion to dismiss the appeal is well taken. It is therefore ordered that said appeal be dismissed; plaintiff to recover costs.

WEBER, GIDEON, THURMAN, and FRICK, JJ., concur.