## DIXIE STOCKGROWERS' BANK v. WASHINGTON COUNTY et al.

No. 4747. Decided March 2, 1933. (19 P. [2d] 388.)

*Le Roy H. Cox,* of St. George, for appellants.
*Shay & Lunt,* of Cedar City, for respondent.

EPHRAIM HANSON, Justice.

The plaintiff brought this action to recover the sum of $373.72, which amount it claims as excessive taxes paid under protest in the year 1925. The case was tried to the court without a jury, and the court made findings of fact and conclusions of law, and entered judgment in favor of plaintiff for the amount prayed. The defendants have attempted to appeal from such judgment. A careful study of the record discloses that this court is without jurisdiction to review the action of the trial court, for the reason that the appeal was not taken in time. The question is not raised by motion or other proceedings of the respondent, but, inasmuch as it affects the power and authority of the court to review the case, this court will, on its own motion, determine such question when as here want of jurisdiction appears upon the face of the record. *Logan City* v. *Blotter,* 75 Utah 272, 284 P. 333.

The trial occurred March 21 and 22, 1927. On September 30, 1927, the plaintiff gave notice to defendants that the court had found the issues in favor of plaintiff and against defendants, "and that the annexed and foregoing is a copy of the court's findings of fact and conclusions of law and judgment and that the same will be filed in the office of the clerk of the above entitled court." On October 8, 1927, defendants served and filed a motion for new trial. Five days later, October 13, the findings, conclusions, and judgment were filed with the clerk of the

court, and on the same date plaintiff gave defendants notice that the same had been filed. On December 13, 1927, defendants' motion for new trial was by defendants' counsel called up for hearing and submitted without argument, and was by the court denied. April 30, 1928, defendants served and filed notice of appeal. This was more than six months after the entry of the judgment appealed from.

It is a settled rule in this state that where a motion for new trial is seasonably made, the time for taking an appeal runs from the date of the order denying such motion. It will be observed that the motion for a new trial in the present case was prematurely made. There is no decision in a case until the findings and conclusions are signed by the judge and filed with the clerk. That the notice of September 30, 1927, was not a notice of decision is not open to question in this jurisdiction. *Emerson-Brantingham Imp. Co.* v. *Stringfellow,* 57 Utah 284, 194 P. 340; *Wayland* v. *Woolley,* 61 Utah 287, 213 P. 200. The motion for new trial being prematurely made, the finality of the judgment for purposes of an appeal was not thereby suspended. *Bailey* v. *Jones,* 60 Utah 311, 208 P. 525. The instant case differs from *Bailey* v. *Jones,* supra, only in the fact that in this case the respondent has not moved for a dismissal of the appeal. This, however, cannot aid the appellants. The Legislature has seen fit to fix the time within which an appeal may be taken, and to withhold from the courts the power to enlarge it. Comp. Laws Utah 1917, §§ 6991, 7023. Therefore, the parties themselves cannot do so. Jurisdiction cannot be conferred upon this court by consent, stipulation, or waiver. *Anderson* v. *Halthusen Merc. Co.,* 30 Utah 31, 83 P. 560. The attempted appeal not having been taken within the time limited by statute, and the same appearing on the face of the record, this court must, peremptorily, decline to entertain the appeal.

The appeal is therefore dismissed. Costs to respondent.

STRAUP, C. J., and ELIAS HANSEN, FOLLAND, and MOFFAT, JJ., concur.