[S. F. No. 3386.   In Bank.—April 1, 1903.]

In the Matter of the Estate of PATRICK DOUGHERTY, Deceased.   EDWARD DOUGHERTY, Appellant, v. JAMES McKAGNEY, Executor, Respondent.

APPEAL—BILL OF EXCEPTIONS—MOTION TO STRIKE OUT—ESTOPPEL.—The respondent will not be permitted for the first time upon appeal to object that the bill of exceptions on motion for a new trial was not presented, signed, or settled within the time required by law, where he has stipulated that it "is a true and correct statement and bill of exceptions on motion for a new trial," and the record shows no objection to the settlement thereof in the lower court; and a motion in this court upon affidavit, *dehors* the record, to strike out the bill of exceptions will be denied.

MOTION to strike out a bill of exceptions upon an appeal from a judgment and order of the Superior Court of Santa Clara County affirming the probate of a will and denying a petition for revocation thereof.   M. H. Hyland, Judge.

The facts are stated in the opinion of the court.

James O'Halloran, for Appellant.

James P. Sex, for Respondent.

VAN DYKE, J.—Respondent in the above-entitled case moves this court to strike from the transcript and record on the appeal in the said cause now pending in Department the bill of exceptions or statement therein contained, on the ground that said bill of exceptions or statement was not presented, signed, or settled within the time allowed by law. It

appears from respondent's showing in support of his motion that the judgment was entered in the court below confirming the probate of the will and denying the petition of Edward Dougherty to revoke said will on July 17, 1902; that respondent upon that date caused notice to be served on the appellant by depositing the same in the post-office at San Jose, to the address of appellant's attorney, in San Francisco; and that thereafter, on the twenty-sixth day of July, appellant served respondent with notice of his intention to move for a new trial, which notice was filed in the office of the clerk of said superior court of Santa Clara County, on July 28, 1902. Thereafter, on August 6, 1902, upon application of appellant to the judge of said superior court, he obtained ten days from said August 6th in which to prepare, serve, and file his bill of exceptions on motion for a new trial in said cause, and thereafter, on the fifteenth day of August, 1902, he served said bill of exceptions on respondent.

In support of his motion, respondent contends that the time commenced to run from August 26th, the date that notice of intention to move for a new trial was served upon him, instead of from August 28th, the date when the said notice of intention was filed, and that more than ten days had elapsed from July 26th, when the order of the judge extending the time was obtained.

The code declares that the party intending to move for a new trial must within ten days after notice of the decision "file with the clerk and serve upon the adverse party a notice of his intention," etc. (Code Civ. Proc., sec. 659.) In this case it appears from the affidavit submitted by respondent that the notice of intention was served upon the 26th, but not filed until the 28th, and the question is suggested whether the notice of intention to move for a new trial includes both the filing and the service. However, in this case, for the reasons hereafter stated, it does not become necessary to determine whether the time within which to serve the proposed statement or bill of exceptions commences to run from the service of the notice, or from the filing, or only from both.

The bill of exceptions in this case contains a stipulation, signed by the attorney of the respondent, "that the foregoing is a true and correct statement and bill of exceptions on motion for new trial herein"; and the judge also certifies

"that the foregoing statement and bill of exceptions is settled and allowed, and I hereby certify the same is correct." Although the record does not show whether the motion for new trial was made, or what action of the court was had thereon, it was admitted by respondent's counsel in his argument on the motion to strike out that, as a matter of fact, a motion for new trial was made, and that such statement or bill of exceptions was used upon the hearing of said motion.

There is nowhere contained in the record any objection on the part of the respondent to the settlement of said bill or statement on any of the grounds mentioned in his motion to strike out, or on any grounds whatever, nor are there any exceptions taken to the allowance or settlement of the bill of exceptions on the part of the respondent in the court below. Under such circumstances, respondent will not be permitted here for the first time to impeach the record thus made with his consent and used in the court below without objection.

The motion to strike out is denied.

Angellotti, J., Shaw, J., McFarland, J., Lorigan, J., and Henshaw, J., concurred.

BEATTY, C. J.—I concur. This is a motion by respondent to strike from the record a bill of exceptions printed in the transcript. The motion is not based upon the record itself, but upon affidavits filed here originally, tending to prove that the appellant did not propose his bill of exceptions within the time prescribed by the code.

When a bill of exceptions or statement has been settled and allowed by the trial court, the question whether the appellant has proceeded regularly in obtaining a settlement cannot be tried in an original proceeding in this court, upon evidence *aliunde* the record. It can only be raised upon the record itself, and must be decided upon the exceptions reserved by the respondent at the time of the settlement, and incorporated in a bill of exceptions.

If any valid objection to the consideration of the bill attacked by this motion appears in the record, it will be given its due consideration and effect by the Department to which the cause has been assigned.

The motion should be dismissed.