### WATSON v. ODELL et al.

No. 3264.  Decided Nov. 15, 1918.  Rehearing Denied Dec. 16, 1918.
(176 Pac. 619.)

1.  APPEAL AND ERROR—JUDGMENTS APPEALABLE—NECESSITY OF EN-
    TRY.  Where the court verbally ordered nonsuit and dismissal, but
    no formal judgment of dismissal was entered at the time the ap-
    peal was taken, the appeal must be dismissed as premature, in view
    of Comp. Laws 1907, section 3195, requiring the entry of judg-
    ments in a judgment book, and section 3197, stating the requisites
    of the judgment roll.  (Page 97.)

2.  JUDGMENT—ENTRY—RIGHTS OF PARTIES.  If the clerk fails to
    enter a judgment as required by statute, the parties may secure
    the proper entry by order of court.  (Page 98.)

3.  EXCEPTIONS, BILL OF—TIME TO FILE—EFFECT OF PREMATURE AP-
    PEAL.  Where a party attempted to appeal from a judgment of dis-
    missal before formal judgment was entered, the time to file bill
    of exceptions began to run from the date of the formal entry of
    the judgment, and not from the date of appeal.  (Page 99.)

Appeal from the District Court of Salt Lake County, Third
District; *Hon. P. C. Evans,* Judge.

Action by Edward H. Watson against George T. Odell
and others.

From the judgment rendered plaintiff appeals, and de-
fendants move to dismiss the appeal.

APPEAL DISMISSED.

*Ball, Musser & Beck* and *D. N. Straup* for appellant.

*Dey, Hoppaugh & Fabian* and *C. M. Morris* for respon-
dents.

PER CURIAM.

The defendants have interposed a motion to dismiss the
appeal.  The motion is based upon the record, which shows

that the action was tried in the district court of Salt Lake County during the month of July, 1917; that at the close of plaintiff's evidence the defendants interposed a motion for nonsuit; that the court took the motion under advisement, and, on the 28th day of August following, granted the motion for nonsuit in an oral opinion in which the court gives its reasons at length why the motion should be granted, which opinion ends as follows:

"For these reasons the motion for nonsuit is granted, and an order may be entered dismissing the case."

It further appears that the plaintiff's counsel, desiring to appeal from the judgment dismissing the action, and discovering that no formal judgment of dismissal had been entered, on the 2d day of March, 1918, requested the clerk of said court to enter a formal judgment of dismissal; that the clerk, pursuant to said request, on said day caused a blank form of judgment of dismissal to be filled out and filed in his office; that said judgment was not entered in any book or record until the 20th day of March following; that counsel for plaintiff, assuming that the judgment had been formally entered on said 2d day of March, duly served and filed a notice of appeal in due form on said day.

Upon the record the defendants now contend that, if it be held that the ruling of the district court granting the motion for nonsuit and ordering the action dismissed is an appealable judgment, then the notice of appeal which was served and filed as aforesaid was not served and filed within the time required by our statute, namely, within six months from the entry of judgment, and hence this court has no jurisdiction of the appeal. Upon the other hand, they contend that if it be held that the order of August 29, 1917, is not an appealable judgment, then this appeal is premature, since the judgment filed by the clerk on March 2, 1918, was not entered until March 20, 1918.

This court has held that an order similar to the one made by the district court on August 29, 1917, is not a final and appealable judgment. *Lukich* v. *Utah Construction Co.*, 46 Utah, 317, 150 Pac. 298. In the same case reported in 48 Utah, 452, 160 Pac. 270, it was further held that

the time for an appeal begins to run from the actual entry of the judgment of dismissal. Those cases have repeatedly been followed by this court in rulings· from the bench, and numerous appeals have been dismissed because no formal judgment of dismissal had been entered. The rule laid down in those cases has thus become the settled practice of this court. Counsel for neither side question the soundness of those cases, and we can see no reason why the rule should not be adhered to. It is the only safe course to pursue. No one should be left in doubt respecting· the record of· a judgment nor where it is entered or can be found. Our Statute, Comp. Laws 1907, section 3195, provides:

"The clerk must keep with the records of the court a book to be called the judgment book, in which the judgments and findings of fact must be entered."

Section 3197, in part, provides:

"Immediately after entering the judgment the clerk must attach together and file the following papers, which constitute the judgment roll."

No judgment roll can, therefore, be properly made up by the clerk until the judgment has been entered.

Defendants' counsel have cited some cases wherein it is held that statutes which direct that judgments shall be entered in a particular book are directory merely, and that a judgment is valid and enforceable, at least as between the parties, although it is entered in some other book or record than the one mentioned in the statute. That question is, however, not before us now, and we express no opinion upon it. All that we are seeking to do in this case is to follow the rule laid down in the two Lukich Cases to which we have referred. That rule imposes no hardship on any one. If the clerk of the district court fails to do his duty, in view that he is the mere arm of the court, he may, on the request of any party, by the court, be required to make the entry of the judgment forthwith. Clerks usually are laymen and do not appreciate all of the essentials required by statutes, and, if they fail to comply with the statutory provisions, it becomes the duty of the·interested attorneys to see to it that the law is complied with, and, if the clerk should

·refuse to enter judgment, his compliance can be obtained by an order of the court without any formality whatever.

The defendants also moved to strike the bill of exceptions upon the ground that it was not settled and allowed in time. In view that the judgment was not entered until March 20th, the bill of exceptions was settled, allowed, and filed in time. That question is, however, not of controlling importance in view that the appeal, for the reasons stated, must be dismissed.

From what has been said it necessarily follows that the appeal in this case is premature, and hence should be dismissed, at plaintiff's cost. Such is the order.