## WAYLAND et al. v. WOOLLEY, District Judge.

No. 3911.   Decided February 7, 1923.   (213 Pac. 200.)

1. NEW TRIAL—NO DECISION EXISTS UNTIL FINDINGS OF FACT AND CONCLUSIONS OF LAW SIGNED BY JUDGE AND FILED WITH CLERK. There is no decision of a district court until the findings of fact and conclusions of law are signed by the judge and filed with the clerk.[1]

2. NEW TRIAL—WHAT CONSTITUTES STATUTORY NOTICE TO ADVERSE PARTY OF DECISION OF COURT. Under Comp. Laws 1917, § 6980, enumerating the procedure to be followed by a party intending to move for a new trial after receiving notice of the decision of the court, notice by the adverse party that findings, etc., have been prepared and signed, without stating the fact of the filing or entering of the decision or judgment, is not enough; any attempted notice before filing of the findings, conclusions, and judgment before their filing with the city clerk is premature, and of no effect; to be sufficient, the notice must be positive as to the fact that the judgment has been filed.

3. NEW TRIAL—WHAT KIND OF NOTICE BY ADVERSE PARTY, OF DECISION OF COURT, HELD DEFECTIVE; "NOTICE OF DECISION." On September 23d the findings of fact, conclusions, and judgment were signed by the trial judge, and on September 27th were filed with the clerk. On that date plaintiffs' attorney mailed defendants' attorney a letter inclosing notice of judgment in the case, and copies of the findings of fact, conclusions of law, and judgment, none of the papers, however, stating that judgment was filed. *Held,* that the notice of September 27th was not a notice of the decision, within Comp. Laws 1917, § 6980, because it did not state the fact of the filing or entering of the decision or judgment with the clerk; notice that findings, etc., have been presented not being enough.

4. NEW TRIAL—DEFENDANT NOT RECEIVING PROPER NOTICE OF DECISION OF COURT HELD NOT TO HAVE WAIVED NOTICE, THOUGH HE HAD ACTUAL KNOWLEDGE OF DECISION. Where the notice of the decision of the court received by defendant was not legally effective under Comp. Laws 1917, § 6980, and defendant, after the statutory five days elapsed from the date decision rendered, moved for a new trial, and on a hearing of the motion it appeared, by oral evidence, stipulations, and affidavits, that de-

---

[1] *Emerson-Brantingham Imp. Co.* v. *Stringfellow*, 57 Utah, 284, 194 Pac. 340.

fendant had personally examined the files in the action, and had actual notice of the filing of the decision and had tendered a proposed bill of exceptions to plaintiff, but which was not agreed to or filed in the action, all more than five days before the filing of notice of motion for new trial, *held*, that such facts outside of the record were insufficient to constitute a waiver of notice of the decision.[2]

5.  NEW TRIAL—IN ABSENCE OF NOTICE OF DECISION OF COURT, PARTY MAY MOVE FOR NEW TRIAL UNTIL RIGHT OF APPEAL EXPIRES. Where he receives no notice of the decision of the court, a defendant may move for a new trial at any time before his right of appeal expires.[3]

Original application by A. E. Wayland and another for a writ of mandate requiring Dilworth Woolley, as Judge of the District Court of San Juan County, to reinstate, hear, and determine motion for new trial.

Peremptory writ granted.

*Patterson & Constantine,* of Moab, for plaintiffs.

*F. B. Hammond,* of Monticello, for defendant.

CHERRY, J.

On September 3, 1921, Hon. Dilworth Woolley, judge of the district court of San Juan county, in an action tried before him without a jury, wherein Ben Beh was plaintiff and A. E. Wayland and B. D. Harshberger were defendants, orally announced that he would find the issues in favor of the plaintiff. On September 14, 1921, the plaintiff's attorney prepared forms of findings of fact, conclusions of law, and judgment, and sent the same to the judge who tried the

---

[2] *Burlock* v. *Shupe,* 5 Utah, 428, 17 Pac. 19; *Mercantile Co.* v. *Glenn,* 6 Utah, 139, 21 Pac. 500; *Everett* v. *Jones,* 32 Utah, 489, 91 Pac. 360; *State ex rel. Grant* v. *District Court et al.,* 38 Utah, 138, 110 Pac. 981, Ann. Cas. 1913B, 437.

[3] *Emerson-Brantingham Imp. Co.* v. *Stringfellow,* 57 Utah, 284, 194 Pac. 340.

action to be signed. At the same time the plaintiff's attorney, mailed to the defendants' attorneys copies of the proposed findings, etc., and the following notice:

"Attached hereto please find copies of findings of fact, conclusions of law, and judgment, prepared in the above-entitled action in accordance with the oral decision of Judge Dilworth Woolley, rendered on the 3d day of September, 1921."

On September 23, 1921, the findings of fact, conclusions, and judgment were signed by the trial judge, and on September 27, 1921, were filed with the clerk. On September 27, 1921, the plaintiff's attorney mailed to defendants' attorneys the following letter and notice:

"I am enclosing herewith notice of judgment in the case of *Ben Beh* v. *A. E. Wayland and B. D. Harshberger;* also a bill of costs. I take it that it is not necessary to serve you with another copy of the judgment and will only state that the judgment was signed as prepared on the 23d day of September, 1921."

"Notice.

"Attached hereto please find copies of findings of fact, conclusions of law and judgment, prepared in the above-entitled action in accordance with the oral decision of Judge Dilworth Woolley, rendered on the 3d day of September, 1921."

On February 28, 1922, defendants served and filed their notice of intention to move for a new trial. On August 17, 1922, plaintiff filed his motion to strike from the files the defendants' motion for a new trial. Subsequently the motion to strike was heard, at which time it was made to appear by oral evidence, stipulations, and affidavits that defendants' attorneys had personally examined the files in the action and had actual knowledge of the filing of the decision and had tendered a proposed bill of exceptions to plaintiff's attorney (but which was not agreed to or filed in the action), all more than five days before the filing of the notice of motion for a new trial.

The trial court sustained plaintiff's motion and struck the motion for a new trial from the files and declines to hear and determine the same.

The defendants in that action, plaintiffs here, have in this proceeding applied for a writ of mandate requiring the

defendant, as judge of the district court of San Juan county, to reinstate, hear and determine the motion for a new trial. An alternative writ was issued and the defendant appeared and moved to quash the writ and dismiss the proceeding. Two questions are here presented for consideration, viz.: (1) Was notice of the decision in the original action given defendants so as to limit the time for filing notice of motion for new trial to five days? and (2) Did defendants waive that notice?

Comp. Laws Utah 1917, § 6980, provides as follows:

"The party intending to move for a new trial must within five days after the verdict of the jury, if the action were tried by a jury, or after notice of the decision of the court or referee, if the action were tried without a jury, file with the clerk, and serve upon the adverse party a notice of his intention, designating the grounds upon which the motion will be made, and whether the same will be made upon affidavits or upon the minutes of the court."

There is no decision of the court until the findings of fact and conclusions of law are signed by the judge and filed with the clerk. *Emerson-Brantingham Imp. Co.* v. *Stringfellow,* 57 Utah, 284, 194 Pac. 340. The documents relied on as constituting notice of the decision consist of the letter dated September 27, 1921, above quoted, and the notice enclosed therewith, which, together, merely gave notice that the judgment was signed as prepared on the 23d of September, 1921, and that the copies of findings, etc., were prepared in accordance with the oral decision of the judge. No reference whatever is made to the fact of the filing or entering of the decision or judgment, which is the essential thing of which the defendants were entitled to notice. Notice that findings, etc., have been prepared and signed is not enough. They do not become a decision or judgment until filed. Any attempted notice before the filing is premature and of no effect. To be sufficient, the notice must be positive as to the fact that the judgment has been filed. *Emerson-Brantingham Imp. Co.* v. *Stringfellow,* supra.

We conclude that the notice was fatally lacking in substance, not a compliance with the statute, and insufficient as a notice of the decision of the court.

The contention of the defendant that there was a waiver of the notice cannot be sustained. It is urged that, because it was made to appear, outside of the record, that defendants' attorneys examined the files and had actual knowledge of the filing of the decision and took some preliminary steps to prepare a bill of exceptions, they thereby waived notice of the decision of the court. This contention has been positively decided by this court to the contrary. *Burlock* v. *Shupe*, 5 Utah, 428, 17 Pac. 19; *Mercantile Co.* v. *Glenn*, 6 Utah, 139, 21 Pac. 500; *Everett* v. *Jones*, 32 Utah, 489, 91 Pac. 360; *State ex rel. Grant* v. *District Court et al.*, 38 Utah, 138, 110 Pac. 981, Ann. Cas. 1913B, 437.

Where "there was no notice of decision, the defendants could move for a new trial at any time before their right of appeal expired." *Emerson-Brantington Imp. Co.* v. *Stringfellow*, supra.

It follows that the motion for a new trial was made and filed in time, and that the district judge erroneously struck it from the files. The peremptory writ prayed for is granted. No costs allowed.

WEBER, C. J., and THURMAN, GIDEON, and FRICK, JJ., concur.