KARENIUS v. MERCHANTS' PROTECTIVE ASS'N
et al.

No. 4217.   Decided April 3, 1925.   (235 P. 880.)

1.  APPEAL AND ERROR—NOT ALWAYS NECESSARY TO CERTIFY TO SU-
    PREME COURT ALL EVIDENCE.  Party desiring consideration by
    Supreme Court of only one or more propositions is required to
    have only so much of the evidence certified to the court as will
    enable it to consider and pass upon such propositions.

2.  APPEAL AND ERROR—BILL OF EXCEPTIONS PERMITTED BY APPELLEE
    TO BE SETTLED ,AND AUTHENTICATED AS PRESENTED TO JUDGE BINDS
    APPELLEE AND SUPREME COURT.  Bill of exceptions, permitted by
    appellee to be settled and authenticated as presented to the
    trial court, without offering amendments pursuant to Comp.
    Laws 1917, § 6969, binds appellee and the Supreme Court.

3.  APPEAL AND ERROR—CERTIFICATE OF JUDGE AND STATEMENT CON-
    TAINED IN BILL OF EXCEPTIONS IMPORT ABSOLUTE VERITY NOT
    SUBJECT TO CHANGE BY AFFIDAVITS.  Certificate of the judge and
    the statement contained in the bill of exceptions import abso-
    lute verity, and cannot be added to or changed in any way by
    affidavits.

4.  CONSTITUTIONAL LAW—COLLECTION OF PAST-DUE CLAIM THROUGH
    COURT IS CONSTITUTIONAL RIGHT.  To go into court and collect
    a past-due claim is a right guaranteed by the Constitution.

5.  ACTION—SUING PARTY FOR MORE THAN IS DUE IS NOT A LEGAL
    WRONG.  Suing party for more than is due is not a legal wrong
    under the Constitution.

6.  GARNISHMENT—SUING OUT WRIT OF GARNISHMENT AND THEREBY
    ARRESTING CREDITS OF DEBTOR IN HANDS OF THIRD PERSON IS NOT
    A LEGAL WRONG.  Suing out writ of garnishment and thereby
    arresting credits of debtor in hands of third person is not a
    legal wrong.

7.  ACTION—LAW ORDINARILY AFFORDS NO REDRESS FOR EXPENSES OF
    ATTORNEY'S FEES AND OF INCONVENIENCE.  Law ordinarily af-
    fords no redress for expenses of attorney's fees, in connection
    with a suit and of inconvenience resulting from being sued.

8.  GARNISHMENT—THAT CREDITOR SUED AND OBTAINED DEFAULT
    JUDGMENT FOR MORE THAN WAS DUE, AND COLLECTED SAME BY
    GARNISHMENT, HELD NOT PREDICATE FOR CLAIM FOR DAMAGES, IN
    ABSENCE OF MALICE.  That a creditor sued and obtained a de-

fault judgment for more than was due, and collected same by garnishment, *held* not to create a cause of action for damages, in the absence of malice, especially where the amount after vacation of judgment, was immediately corrected and the debtor obtained judgment against the creditor for the excessive amount.

9. ACTION—MOTIVES OF PLAINTIFF AND OF HIS AGENTS IN ENFORCING VALID CAUSE OF ACTION ARE IMMATERIAL. Motives of plaintiff and of his agents in enforcing valid cause of action are immaterial.

Appeal from District Court, Third District, Salt Lake County; *M. L. Ritchie*, Judge.

Action by Victor Karenius against the Merchants' Protective Association and others. Judgment for plaintiff, and defendants appeal.

REVERSED.

*Walton, Walton & Nelson*, of Salt Lake City, for appellants.

*Daniel Harrington*, of Salt Lake City, for respondent.

FRICK, J.

At the hearing respondent's counsel interposed a motion to strike the bill of exceptions upon the ground that appellants asked a reversal of the judgment for want of evidence to support the same, notwithstanding the fact, as they assert,

---

See Headnote 1.   4 C. J. p. 543 (1926 Anno).
Headnote 2.   4 C. J. p. 515.
Headnote 3.   4 C. J. pp. 515, 516, 517.
Headnote 4.   12 C. J. p. 1287.
Headnote 5.   1 C. J. p. 953.
Headnote 6.   28 C. J. p. 542 (1926 Anno).
Headnote 7.   1 C. J. p. 953.
Headnote 8.   28 C. J. p. 542 (1926 Anno).
Headnote 9.   1 C. J. p. 971.

that the district judge does not certify that the bill of exceptions allowed and signed by him contains all of the evidence. Counsel insists that unless all of the evidence is contained in the bill of exceptions, this court is powerless to consider and pass upon the sufficiency of evidence.

The mere fact that a bill of exceptions does not contain all of the evidence heard by the trial court is no reason why the bill should be stricken. It is not always necessary to certify up all of the evidence heard below in order to present a question for decision by this court. When, however, not all of the evidence is certified up in a bill of exceptions, this court cannot examine into an assignment which assails the judgment of findings for insufficiency of evidence if such an assignment is insisted upon. There may, however, be other assignments that can be disposed of without considering all of the evidence heard below. Indeed, a party may desire to have considered only one or more legal propositions by this court, and in that event he need only have so much of the evidence certified up as will enable this court to intelligently consider and pass upon such propositions. The motion to strike the bill of exceptions must therefore be denied.

It is next contended that, although the bill of exceptions be not stricken, we nevertheless, cannot consider the assignments which assail the verdict and judgment upon the gound of insufficiency of evidence, for the reason that the district judge does not certify that the bill of exceptions contains all of the evidence which was heard on the trial of the case. While it is true that the district judge in his certificate does not, in express terms, so state, yet the bill of exceptions contains this statement:

"And the foregoing pages, consisting of 32 pages, numbered from 1 to 32, inclusive, including this page, constitute and contain, together with the exhibits therein referred to and hereby referred to and by reference made a part hereof, all of the evidence and proceedings, objections, rulings of the court, and exceptions taken, had, or made on the trial of said cause, and forasmuch as the same may not otherwise sufficiently appear of record, defendant brings this bill, and prays that the same be allowed, settled, signed and filed and ordered to be made a part of the record herein."

The proposed bill containing the foregoing statement was served on respondent's counsel, and they, on the day it was served, accepted service thereof. No amendments were proposed by them, and, on the 10th day after the foregoing service, the district judge certified that the foregoing proposed bill of exceptions, containing the statement aforesaid, "having been duly proposed and served within the time allowed by law and timely orders of the court, and no amendments having been proposed thereto, and being now presented to the undersigned judge of said court before whom said cause was tried and said proceedings had, the same is now certified by me to be full, true, and correct, and is hereby allowed, settled, and signed by me, and ordered to be made a part of the record herein as defendant's bill of exceptions." The statement hereinbefore set forth, considered in connection with the foregoing certificate of the judge, as it must be, clearly shows that the proposed bill of exceptions contained "all of the evidence and proceedings," together with the rulings and exceptions occurring at the trial. In other words, the bill of exceptions contains all of the evidence, and is full, true, and correct in all particulars. Respondent's counsel must have thought so at the time they accepted service or they would have offered or suggested amendments as provided by our statute. Comp. Laws Utah 1917, § 6969. Having offered no amendments, the certificate of the judge and the statement contained in the bill of exceptions import absolute verity and cannot be 2, 3 added to or changed in any way by affidavits, as is attempted in this case. It would be a useless ceremony to settle, allow, and authenticate bills of exceptions if they could be changed by the affidavits of counsel or of others. Counsel not having pursued the statutory method of offering amendments if the proposed bill of exceptions was not correct and having permitted the court to settle and authenticate it as it was presented, they are now bound by the same as it is settled, and so is this court. This objection must therefore be overruled.

This brings us to the merits of this appeal.

On July 5, 1923, Victor Karenius, hereinafter called re-spondent, commenced this action in the district court of Salt Lake county against the Merchants' Protective Association, a corporation, Francis G. Luke, James A. Luke, and Gust Hill. The Merchants' Protective Association, Francis G. Luke, and James A. Luke will hereinafter be called appellants. The respondent sought to recover damages for the wrongful suing out and service of a writ of garnishment. It is alleged in the complaint that the said writ of garnishment was sued out in an action wherein said Gust Hill was plaintiff and the respondent was defendant; that the same was sued out for an amount grossly in excess of the amount owing by respondent to said Gust Hill, all of which was known to all of the appel-lants aforesaid; that the appellants acted maliciously "and with the intent to defraud and injure plaintiff (respondent) and to unduly extort from him money that in no way belonged or could belong to said defendants or either of them"; that by reason of the suing out of said writ of garnishment re-spondent's wages were garnished, and that said appellants and Gust Hill obtained from the respondent an amount in excess of the amount owing by him to said Gust Hill, amount-ing to $34.03, all of which they converted to their own use; that by reason of the service of said garnishment respondent was discharged from his employment to his damage in the sum of $365.48, which included the $34.03 referred to. Re-spondent prayed for judgment for said sum and for $500 punitive or exemplary damages.

A trial to a jury resulted in a verdict in favor of respond-ent and against the corporation and Francis G. and James A. Luke for the sum of $280.66. A motion for a new trial upon practically all of the statutory grounds was filed in due time. The district court on the hearing of the motion for new trial ruled that unless the respondent would remit all in excess of $209.78, the court would grant a new trial. Re-spondent remitted the amount, as required by the court, and judgment was entered for the amount fixed by the court against the appellants aforesaid, and they appeal.

The facts, briefly stated, are that in 1914 respondent bor-

rowed $60 from said Gust Hill, and soon thereafter moved to Butte, Mont.; that Hill then placed his account with the appellant Merchants' Protective Association for collection; that Francis G. and James A. Luke are officers of said association, and as such conduct its business affairs; that the account was forwarded by said Francis G. and James A. Luke, as such officers, to the Butte Adjustment Company of Butte, Mont., which attempted to collect the same; that according to the appellants' statements $45 was collected, while according to respondent's statements $50 was collected on said account, from which certain costs and expenses were deducted, leaving a balance due on said account; that thereafter respondent came back to Bingham, in Salt Lake county, where James A. Luke, on behalf of the Merchants' Protective Association, demanded payment from respondent in an amount largely in excess of the amount owing by him on said account; that respondent refuse to pay any amount in excess of $10, and James A. Luke, in the name of Gust Hill, commenced an action in the city court of Salt Lake City against the respondent to recover an amount in excess of what remained due on said account; that respondent made default, and judgment was entered against him in said action for the sum of $48.20 and costs; that an affidavit for garnishment was duly filed and a writ of garnishment issued out of said court on the judgment aforesaid and served on the United States Smelting, Refining & Mining Company, which filed its answer as garnishee, in which it admitted that it was indebted to the respondent in the sum of $97.75, an amount in excess of the judgment aforesaid, and of which Gust Hill obtained $48.20; that soon thereafter respondent filed a motion in said city court to vacate and set aside the default judgment entered against him as aforesaid; that the court granted said motion to set aside said judgment, and a trial was had which resulted in a finding in favor of Gust Hill and against respondent for the sum of $10, with interest and $3 costs. Judgment was duly entered on said finding in favor of Gust Hill for the amount aforesaid, aggregating the sum of $17.80. An appeal was taken from said judgment to the district court of Salt

Lake county. In the latter court a trial resulted as follows: The court found that there was due from respondent to Gust Hill on the original account the sum of $10, $4.80 interest, and $3 costs, aggregating the sum of $17.80. The court, however, also found that Gust Hill had received the sum of $48.20 on the writ of garnishment aforesaid, "when he should have received only the sum of $17.80." The court therefore deducted the $17.80 from the $48.20, which left a balance due from Hill to respondent of $30.40, which, with accrued interest, amounted to $34.03, for which amount with interest and costs the court entered judgment in favor of respondent and against Gust Hill. Whether that judgment was paid or remains in full force and effect the record does not disclose. That judgment was entered on June 19, 1923, and this action for damages arising out of the transactions detailed above was commenced on July 5, 1923.

On the trial of this action, in addition to the foregoing facts, the respondent produced evidence tending to prove that he had been discharged from his employment shortly after the writ of garnishment was served. He assumed that he was discharged because his wages had been garnished, as before stated. The superintendent of the mining company, however, testified that respondent was not discharged on account of the garnishment, but that he was discharged by the foreman who knew nothing about the garnishment, and that his company did not discharge its employés for that reason. Respondent testified that by reason of his discharge he lost 39 days, and that he was earning $4.25 per day. That, in addition to the amount that he had overpaid on the original account, it seems, constituted all the elements of damages that were submitted to the jury by the district court, except that the court instructed the jury that in case they found malice on the part of appellants and Gust Hill they could allow exemplary or punitive damages. The jury, however, did not allow any exemplary damages, and hence they, as a matter of course, must have found no malice. Such was also the conclusion of the district court in view that it

entered judgment only for the excess that respondent was required to pay on the original account and for the 39 days loss of time at the rate of $4.25 per day. The court also charged the jury that they should find against the defendant Gust Hill for $34.03, with interest, that being the amount he had received in excess of the amount that was due on the original account. The jury, however, refused to follow the court's instructions in that regard, and, for some reason not disclosed by the record, exonerated Gust Hill, and returned a verdict only against the Merchants' Protective Association, Francis G. and James A. Luke in the sum hereinbefore stated. This appeal is from the judgment by the three appellants last named.

The judgment is assailed upon various grounds; among others, that it is contrary to law and contrary to the undisputed evidence. It is further insisted that the district court erred in denying appellants' motion for a new trial.

We have been unable to reconcile this judgment with any known and established principles of law. Respondent's counsel, in his brief, insists that the action is not one for malicious abuse of process, nor for malicious prosecution without probable cause. Stating it in his own language, he says:

"* * * It is an action for damages for the alleged unlawful, collusive, and malicious demanding, taking and converting of a large amount of the wages of respondent," etc.

As we have seen, however, the jury did not find malice, and hence that element is out of the case. Upon the other hand, the respondent was actually indebted to Gust Hill, and the latter obtained judgment at least in two courts of competent jurisdiction against respondent after fair and impartial trials. We say this because there is not a murmur anywhere that the trials were not fair. True, the first judgment was entered by default, and was for an amount largely in excess of what was afterwards found due. It is, however, not an infrequent occurrence that judgment for a larger amount is entered by default than is ultimately recovered in cases where the default judgment is set aside and a trial follows. It must also be kept in mind that the garnishment

proceedings were based upon the default judgment, and the money which was obtained on the garnishment was to satisfy that judgment. True, the default judgment was for a larger amount than was found to be owing by respondent; but that error or wrong, if it was a wrong, was corrected immediately after the default judgment had been set aside. Why the respondent was not awarded judgment in the city court for the difference between what he actually owed and what had been paid to Gust Hill in the garnishment proceeding the record does not disclose. The correction was made, however, in the district court when the case was retried there. In that court, as in the city court, it was found that the respondent was actually indebted to Gust Hill, and therefore it follows that Hill always had a good and legal cause of action against the respondent and had the absolute right to obtain the writ of garnishment. True, by that means he obtained a sum of money in excess of what respondent actually owed, but he obtained that by legal process. There is no claim of extortion or of duress as those terms are understood. This case is one, therefore, where a creditor obtained a judgment and satisfaction thereof for an amount in excess of what was actually due from his debtor. The error was, however; immediately corrected, and the debtor obtained a judgment against the creditor for the excessive amount. If, therefore, the excess had been repaid to respondent when it was first ascertained that Hill had collected an amount in excess of what was due him, respondent would have had his money restored to him, and no injury would have resulted. Can he recover damages merely because he was sued in a court of justice for more than he actually owed? Does it constitute a legal and actionable wrong to sue for more than ultimately is found to be due or that is in fact due? If that should be held to constitute a cause of action, suits would multiply beyond the power of the courts to handle them. It is clear, therefore, that we are here dealing with a case which is sui generis; that is, in a class by itself. As before stated, it is not contended that the transaction here in question constitutes an action for the abuse of legal process or for malicious prosecution. Indeed,

that such is the case respondent's counsel expressly disclaims.

Then again, the jury refused to find malice in any form. In view of all this, can this judgment, nevertheless, prevail?

Counsel for respondent has not cited any case in support of the judgment nor in support of his contention, and we know of none to that effect. To go into court and collect a past-due claim is a right guaranteed by the Constitution; nor is it made a wrong to sue a party for more  4-6 than is due; nor does it constitute a legal wrong to sue out a writ of garnishment and thereby arrest the credits of the debtor in the hands of third persons. The wrong, therefore, if any exists, lies in the abuse of these rights; and yet respondent's counsel insists that he does not rely upon such an abuse.

The writer has not the slightest hesitancy in stating that in this case the acts of the appellants here, who were the agents of Hill in bringing the action, in obtaining the money were morally wrong, and, to say the least, lend color to the claim that appellants' acts were oppressive. The wrong was, however, corrected, and respondent was required to  7 pay Hill precisely what he owed him—no more, no less. True, in defending his rights in court he was no doubt required to pay something for attorney's fees and to lose some time. All persons who are sued are, however, more or less inconvenienced, and, in view of that, and that men should not be deterred from asserting their rights in the courts without fear of being penalized, the law ordinarily affords no redress for such expense and inconvenience. It is far more important that the right to go into a court of justice to redress a grievance be maintained unimpaired than it is that no one should be sued for more than is actually due.

While the acts of appellants are open to severe criticism and censure, they are not such for which an action for damages lies, unless it is made to appear that the action in question was without cause and malicious. In this case there was a good legal cause of action in favor of Gust  8, 9 Hill, and, the jury having found no malice, there is, therefore, no legal ground upon which to base the judgment

Appeal from Third District

for damages.  Moreover, in view that Gust Hill had a good and legal cause of action, his motives and those of his agents in enforcing their legal cause of action were immaterial.,

From what has been said it follows that the judgment should be and it accordingly is reversed, with costs.

GIDEON, C. J., and THURMAN, CHERRY, and STRAUP, JJ., concur.