## SCHVANEVELDT v. CLEGG.

No. 4779. Decided August 22, 1929. (280 P. 230.)

428

[1]*Wayland* v. *Woolley*, 61 Utah 287, 213 P. 200; *Emerson, etc., Imp. Co.* v. *Stringfellow*, 57 Utah 284, 194 P. 340; *Houghton* v. *Barton*, 49 Utah 611, 165 P. 471; *Watson* v. *Odell*, 53 Utah 96, 176 P. 619; *Jeremy Fuel, etc., Co.* v. *Denver & R. G. R. R. Co.*, 59 Utah 266, 203 P. 863, distinguished; *Thompson* v. *Reynolds*, 59 Utah 416, 204 P. 516, distinguished; *Karenius* v. *Merchants' Protective Ass'n*, 65 Utah 183, 235 P. 880, distinguished; *Davis* v. *Lynham*, 67 Utah 283, 247 P. 294, distinguished.

*H. S. Tanner,* of Salt Lake City, for appellant.

*E. M. Bagley,* of Salt Lake City, and *P. J. Evans,* of Preston, Idaho, for respondent.

STRAUP, J.

This is a motion to strike the bill of exceptions on the ground that it was not served or filed in time. The action is one to quiet title to land in the plaintiff. There is a denial and a counterclaim to quiet the title in the defendant. The case was tried to the court. The trial began November 2, 1927. On a submission of the case, and prior to preparing, signing, and filing findings and a decree, the court orally indicated that his findings and judgment would be in favor of the plaintiff quieting the title in him. At about that time, and on November 4, 1927, the court, on the defendant's application, granted him 60 days' additional time in which to prepare, serve, and file a bill of exceptions. That was nearly a month before the findings and decree were prepared, signed, and filed; the findings and decree having been signed and filed December 2, 1927. On December 8, 1927, notice was served on the defendant of the entry of the judgment. On December 6, 1927, the defendant served, and on December 12, 1927, filed, a motion for a new trial. The motion was overruled January 18, 1928, and on the same day notice was given by the plaintiff to the defendant of the overruling of the motion. On January 28, 1928, the court granted the defendant 60 days' additional time in which to prepare, serve and file a bill of exceptions; on June 14, 1928, 60 days' additional time; and on July 9, 1928, 60 days' additional time. The notice of appeal was served July 6 and was filed July 7, 1928. The bill of exceptions was "filed before service July 26, 1928," and was settled, signed, and again filed August 7, 1928. On settling and signing the bill, the court certified "that the foregoing bill of exceptions" contained a true transcript of all of the evidence and rulings made during the trial and all exhibits "together with copies of orders of this court under dates of November 4, 1927, January 28, 1928, June 14, 1928, and July 9, 1928, signed by this court extending time within which to prepare and serve the proposed bill of exceptions in the above-entitled cause and the foregoing proceedings

and orders are hereby allowed and settled as the bill of exceptions in this cause." The bill contains copies of the orders referred to which show that in each 60 days' additional time was granted on the dates stated to prepare, serve, and file a bill of exceptions. There also is in the record a minute entry of a copy of an order signed by the judge of date August 7, 1928, and which is attached to and made a part of the judgment roll, wherein it is recited that the "defendant's proposed bill of exceptions having been heretofore presented to the Judge of this court for settlement, and this day and hour having been appointed by the Judge of this court for the settlement of said bill, and notice having been given to counsel for the respective parties of the appointment of this time and as no suggestions are made in reference to said bill, the court proceeded to examine the said bill and the same is allowed and settled and a certificate to that effect is endorsed thereon." On the record it is not clear just when the bill was served. There is, on the inside cover of the bill, the clerk's filing marked, "Filed before service July 26, 1928." There is, on the first page of the bill, a proposed statement of date July 12, 1928, signed by counsel for the defendant and addressed to plaintiff's counsel, to the effect that the plaintiff and his counsel "take notice that the defendant hereby serves upon you the attached bill of exceptions" and that the "same will be presented to the court in due time for settlement." But there is no acceptance or acknowledgment of service of any kind by plaintiff or his counsel or other evidence of service. There is also in the bill a proposed stipulation dated "the ——day of July, 1928," signed by counsel for the defendant, that the "foregoing bill is hereby returned this —— day of July, 1928, no amendments proposed," and that it is stipulated that the "foregoing bill of exceptions is true and correct and may be settled without notice." But that also was not signed by plaintiff or his counsel. We, however, think it fairly inferable that the bill was tendered for service some time in July, or, at least, some time prior to August

7, 1928, but that plaintiff's counsel declined to accept or to acknowledge service of it.

The rule in this jurisdiction, by numerous decisions, is well settled that while the court or judge, before the statutory period for service and the filing of a bill has expired, may enlarge the time but has no authority to do so when the statutory period or an enlarged period ■ granted within the time in which a bill was permitted to be filed had fully expired, except as the parties may have consented thereto or the discretionary power of the court invoked under the provisions of Comp. Laws Utah 1917, § 6619. It is unnecessary again to refer to the numerous decisions to that effect.

Our statute (Comp. Laws Utah 1917, § 6969, as amended by chapter 51, Laws Utah 1925), so far as material, provides:

"When a party desires to have exceptions taken at a trial settled in a bill of exceptions, he may, within thirty days after the entry of judgment if the action were tried with a jury, or after service of notice of the entry of judgment if the action were tried without a jury, or after service of notice of the determination of a motion for a new trial, or in case an appeal is taken before the bill of exceptions is settled service of the notice aforesaid shall not be necessary and the appellant shall, within thirty days after service of his notice of appeal, prepare a draft of a bill and serve the same, or a copy thereof, upon the adverse party."

What principally divides the parties is whether, in calculating the time within which the bill was required to be served from notice of overruling the motion for a new trial, the defendant may avail himself of the 60 days' additional time granted him November 4, 1927, nearly a month before the findings and decree were signed and filed and more than a month before the motion for a new trial was made and filed.

There is no doubt that the time in which to serve the bill began to run from the date of service of notice of overruling

the motion for a new trial, which was January 18, 1928. The defendant had the statutory period of 30 days running from that date. If he may avail himself of the 60 additional days granted him November 4, 1927, such additional time extended his time to April 18, 1928. He undoubtedly was entitled to avail himself of the additional 60 days granted January 28, 1928, which, if he may avail himself of the sixty days granted November 4, 1927, extended his time to June 18, 1928. From such a calculation the order granted June 14, 1928, was within the enlarged period, and hence was an authorized order granting sixty days' additional time, or to August 18, 1928. The bill was served some time in July, 1928, and was settled and filed August 7, 1928, and under such calculation the bill was served and settled in time without the additional 60 days granted July 9, 1928. However, if the defendant was not entitled to avail himself of the 60 days' additional time granted November 4, 1927, his time, under the statute and as enlarged by the order of January 28, 1928, granting 60 days' additional time, expired April 18, 1928, and thus when the order of June 14, 1928, was granted the defendant's time had fully elapsed for nearly two months in which to serve a bill, unless discretionary power of the court was invoked under the provisions of section 6619, which was not done. In such view the bill, when served and settled in August, 1928, was much too late.

It is the contention of the respondent that because the order of November 4, 1927, was made nearly a month before the decision in the cause was rendered, before the findings, conclusions, and decree were signed and filed, more than a month before the defendant's motion for a new trial was made, and more than two months before notice was given of the overruling of the motion for a new trial when the time within which a bill was required to be served began to run, the order of November 4, 1927, was a nullity, and hence the defendant was not entitled to avail himself of the

60 days' additional time granted him by that order; that the defendant was required to serve his bill within the statutory period of 30 days from notice of overruling the motion for a new trial and as enlarged by the order of January 28, 1928, which extended his time to April 18, 1928, and hence the order of June 14, 1928, granted nearly two months thereafter was unauthorized. In support of such views respondent cites and relies on the cases of *Planters' Mut. Ins. Ass'n* v. *Rose*, 27 Okl. 530, 112 P. 966; *Wyant* v. *Beavers*, 49 Okl. 30, 150 P. 480; *Cameron* v. *Arcata & M. R. R. Co.*, 129 Cal. 279, 61 P. 955; *Wayland* v. *Woolley*, 61 Utah 287, 213 P. 200; *Emerson, etc., Imp. Co.* v. *Stringfellow*, 57 Utah 284, 194 P. 340; *Houghton* v. *Barton*, 49 Utah 611, 165 P. 471; and *Watson* v. *Odell*, 53 Utah 96, 176 P. 619. Many cases also are cited by him to the effect that where a bill of exceptions is not served within the time allowed by the statute, or within an extension of that time by a valid order or orders, the trial court or judge is without authority to settle a bill, unless his discretionary power is invoked under section 6619, or the bill settled with the consent of all of the parties affected thereby.

The first two cited cases, the Oklahoma cases, proceed on the theory that a trial court or judge is without authority to make, before the order or judgment appealed from is rendered, an order extending the time within which to make and serve a case-made. *Wayland* v. *Woolley*, supra, is to the effect that there is no decision until the findings of fact and conclusions of law are signed and filed, and where no notice of the decision is given the losing party may file a motion for a new trial at any time within the period in which an appeal may be taken. *Emerson, etc., Imp. Co.* v. *Stringfellow*, supra, is to the same effect. *Houghton* v. *Barton*, supra, is to the effect that serving and filing a cost bill before the filing and entry of findings and a decree is premature and unavailing. *Watson* v. *Odell*, supra, is to the effect that an appeal taken before entry of judgment is premature and subject to dismissal.

The appellant in resisting the motion to strike the bill cites and relies on *Jeremy Fuel, etc., Co.* v. *Denver & R. G. R. R. Co.,* 59 Utah 266, 203 P. 863, which is to the effect that where the bill of exceptions stated (in the certificate of the court or judge settling the bill) that orders were made extending the time for serving the bill from time to time, and that it was served before the expiration of the time as last extended, and the correctness of the bill was stipulated, the bill was shown to have been served in time, if the various orders extending time were timely made, and that it was not necessary, although the better practice, to include the orders extending the time in the bill. There is here no showing made by the certificate, or otherwise by the bill, that the orders as recited in the certificate were timely made or that each was made before the time in which the defendant was permitted to serve a bill had expired. The certificate merely recites the dates upon which the orders extending the time were made. The bill otherwise shows that unless the defendant may avail himself of the additional time granted November 4, 1927, the order made on June 14, 1928, was not timely but was made nearly two months after the time had expired and thus was unauthorized. The appellant also cites *Thompson* v. *Reynolds,* 59 Utah 416, 204 P. 516; but in that case the order extending the time to serve the bill was granted within the 30 days' statutory period; also, *Karenius* v. *Merchants' Protective Ass'n,* 65 Utah 183, 235 P. 880, which involved the question as to whether a bill should be stricken because it did not certify that it contained all of the evidence, the holding being the bill should not be stricken upon such ground; and *Davis* v. *Lynham,* 67 Utah 283, 247 P. 294, which is to the effect that the district court may under section 6619 allow and settle a bill of exceptions after the statutory time has elapsed, if made to appear to the satisfaction of the court that the party seeking the settlement failed to present the bill within time through excusable neglect, and that unless the trial court abused its discretion in such respect the bill will not be stricken. Here

the defendant did not invoke the power or discretion of the court in such particular. Nor was the bill settled upon any such showing or ground.

The appellant further asserts that the bill as settled imports absolute verity, and hence may not be assailed in this court. It is true that a bill properly settled imports verity and may not, for the first time, be assailed in this court. But it is urged that the bill was not properly settled because not served or presented in time. Had the trial judge stated in his certificate, as was done in the Jeremy Case, that the bill was served and presented within the time allowed by law and the orders of the judge or court, or if it otherwise was shown by the bill that it was served and presented within the time allowed by law and as enlarged by valid orders and the certificate of the judge stating that the bill as proposed was true and correct, the bill would import verity in such particulars. But the bill does not show that. It shows the contrary. Nowhere did the trial judge state, find, or certify that the bill was served or presented in time, nor is such service or presentation shown on the face of the bill by recitations or otherwise.

We think on the points urged the respondent is entitled to prevail. In so holding it is not necessary to go to the extent gone in the Oklahoma cases, to the effect that the court was without authority to grant the order of November 4, 1927, because made before the decision was rendered, before the findings, conclusions, and judgment were signed and filed. In this jurisdiction a defeated party has the right of an appeal from a final judgment without making a motion for a new trial, and on such an appeal may have a review of all the rulings and proceedings in the cause up to the rendition and entry of the judgment. Had a motion for a new trial not been made, let it be assumed, the order of November 4, 1927, was authorized and available to the defendant giving him 60 days' additional time within which to serve a bill, which time, in such

circumstance, would not begin to run until notice of the entry of the judgment which was given December 8, 1927; and also assuming that in such case he was entitled to avail himself of the further order of January 28, 1928, the defendant under such conditions had 150 days within which to serve a bill from December 8, 1927, which would have expired May 8, 1928. Even under such a calculation the defendant's time to serve a bill had expired more than a month when the order of June 14, 1928, was made. But when the defendant within the time prescribed by the statute served and filed a motion for a new trial, he arrested or suspended the finality of the judgment until the motion for a new trial was determined, and until such time there was no final judgment from which an appeal could be prosecuted, and unless the motion was overruled the defendant had no grievance, no cause for an appeal, and hence no cause for a bill. By thus interposing the motion for a new trial a new and different condition arose upon which the statute began to run as to time within which the defendant was required to serve a bill. Under such circumstances, the defendant rendered the order of November 4, 1927, and the purpose of it, ineffectual. When that order was made, the most favorable view to be taken for the defendant is that his time to serve a bill began to run upon service of notice of the entry of the judgment and that the 60 days' additional time granted him November 4, 1927, extended his time 90 days from such service of notice and constituted the time within which the bill was required to be served under the status or condition of the case as it was when the order was made. But when the motion for a new trial was interposed and a new status created, the defendant no longer may caluculate the time for service of the bill from notice of entry of the judgment, but was required to calculate it from the service of notice of the overruling of the motion for a new trial, and if no such notice was given, he was required to serve the bill within 30 days after the service of the notice of appeal. Since, therefore, by interposing

the motion for a new trial the running of the time from notice of entry of judgment was rendered ineffectual, so likewise was the granting of the additional time November 4, 1927, which was but additional time to the statutory period *running from notice of entry of the judgment.* Such views in principle are supported as we think by the case of *Cameron* v. *Arcata & M. R. R. Co.,* supra; and for such reason are we of the opinion that the additional time granted November 4, 1927, cannot be regarded as enlarging the statutory time running from notice of the overruling of the motion for a new trial.

There is, however, on the record, a further question involved in the ruling—that of waiver—but which is not discussed by counsel. The record showing that notice was given the respondent of the time and place of settlement of the bill, and not showing that any appearance was made by the respondent or any objection made by him to the settlement of it because not served or presented in time or otherwise, may the respondent under such circumstance now for the first time urge in this court that the bill was not served or presented in time and on that ground move to strike it?

We do not find where this court in any case considered or determined the question. In several cases (*Bryant* v. *Kunkel,* 32 Utah 377, 90 P. 1079; *Metz* v. *Jackson,* 43 Utah 496, 136 P. 784; *Warnock Ins. Agency* v. *Peterson Real Estate Inv. Co.,* 35 Utah 542, 101 P. 699; *Hutchinson* v. *Smart,* 51 Utah 172, 169 P. 166) the opinions show objections to the settlement of the bill were interposed in the court below. In a number of other cases it is not disclosed by the opinions whether objections were or were not so interposed. In none of the cases did the court consider or determine whether objections in the court below were requisites to enable the respondent to strike a bill on the ground that it was not served or presented in time.

In nearly all of the cases in which this court considered motions to strike a bill on grounds that it was not served or presented in time, statements are made and the rule an-

nounced in opinions to the effect that the trial judge is without jurisdiction to settle a bill if not presented within the time allowed by law or as enlarged by a valid order made within the time in which the exceptant was required or permitted to serve a bill. But such a jurisdiction is not like or analogous to subject-matter jurisdiction which may not be conferred by consent or waiver, or to time within which an appeal is required to be taken which may not be enlarged by consent or waiver, or to time as fixed by a statute and enlargement of it forbidden either by the court or judge, or by waiver or consent of the parties. But in the absence of such a statute the weight of judicial authority is that a bill may be settled by the trial judge or court though not served or presented in time, if the parties stipulate or consent to a settlement of it, or where there is some affirmative conduct or act on the part of the respondent inconsistent with an intention to rely on the delay. 4 C. J. 292; 2 Cal. Jur. 562; *Title Ins. & Trust Co.* v. *Calif. Development, etc., Co.,* 171 Cal. 173, 152 P. 542; *Dernham* v. *Bagley,* 151 Cal. 216, 90 P. 543; *Estate of Dougherty,* 139 Cal. 14, 72 P. 357; *Mendocino County* v. *Peters,* 2 Cal. App. 24, 82 P. 1122.

While in some of the cited texts and cases expressions are found to the effect that, where the adverse party desires to avail himself of an objection that the bill was not presented in time, he must interpose it in the trial court or cannot do so on appeal, yet, when the cases are examined, it will be found, at least in most of them, that something more than a mere failure to object in the court below appeared, and where either a stipulation was entered into or otherwise express consent given that the bill might be settled, or where there was some affirmative act or conduct of the adverse party inconsistent with an intention to rely on the delay. In such respect we think the rule is well stated in *Jennings* v. *Philadelphia, etc., Ry. Co.,* 218 U. S. 255, 31 S. Ct. 1, 2, 54 L. Ed. 1031, in a case where a bill not served or settled in time was settled by the trial judge "in the presence of,

and without objection from, counsel for the appellee." The court observed that the appellee was not asked whether it consented or not and that it might well sit in silence; but that a different case might arise "if, by its failure to object, the appellant had been misled to his injury. But there was nothing left undone which might have been done, and nothing done to his prejudice." The court further stated that the question was: Did the court have power under Rule 55, or under any order of the court or controlling practice, to allow a bill of exceptions after the close of the term, after the time to settle a bill had expired? As to that the court stated that: "The appellee might fairly say nothing. So grave a matter as the allowance of a bill of exceptions after the close of the term and after the court had lost all judicial power over the record should not rest upon a mere implication from silence. There should be express consent, or conduct which should equitably estop the opposite party from denying that he had consented. There was nothing of that kind in this case," and thereupon the bill was disregarded.

There was here no stipulation or consent on the part of the respondent that the bill might be settled. Nor did the respondent or his counsel do or say anything which was inconsistent with any intention to rely on the delay, or which in any particular misled the appellant or his counsel to leave undone what otherwise might have been done by them. Though notice of the time and place of settling the bill was given the respondent and his counsel, yet, from their failure to appear and object, consent on their part may not be implied. The duty rested on the appellant to prepare, serve, and have settled a bill. Among other things, he was required to serve and present it within time. His failure to do so may not be excused by the mere silence of his adversary, and especially not when, as here, it is not shown that any failure to object caused or induced him to leave undone what otherwise might have been done by him.

We thus are of the opinion that there was no waiver and that the motion to strike the bill must be granted. And as no ruling is presented for review except as is required to be exhibited by a bill, it follows that the judgment of the court below must be affirmed. Such is the order.

It may also be noted that counsel for appellant presenting the cause on appeal was not counsel for the appellant in the court below and not until after the bill of exceptions was settled, the appeal taken, and the record transmitted to this court.

CHERRY, C. J., and ELIAS HANSEN, EPHRAIM HANSON, and FOLLAND, JJ., concur.