**PRAGGASTIS,**
*Appellant,*

*v.*

**CLACKAMAS COUNTY,**
*Respondent.*

(84-3-107; CA A41362)

742 P2d 669

Cynthia L. Barrett, Portland, argued the cause and filed the briefs for appellant.

Miles Ward, Assistant County Counsel, Oregon City, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

This is an action for negligence and breach of statutory duty under the Oregon Tort Claims Act. ORS 30.260 to 30.300. Plaintiff alleges that defendant's employes and agents negligently failed to docket, as a judgment against her former husband, her divorce decree and accompanying property settlement agreement in accordance with ORS 18.320 and that, as a consequence, she lost the priority of her decree against her former husband's property and was damaged in the amount of $100,000 when he filed for bankruptcy. The trial court directed a verdict for defendant on the grounds that the decree and attachments do not constitute a judgment and that defendant is immune from liability, because defendant's employes and agents, in failing to docket the alleged judgment, were acting at the direction of the judges of the Circuit Court for Clackamas County. We affirm on the second ground.

The decree dissolving plaintiff's marriage provides:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the marriage of the parties is dissolved and the date on which this decree is finally effective to terminate the marriage relationship is the 1st day of August, 1979.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the property settlement agreement entered into by the parties and received into evidence is ratified and confirmed. A copy of the property settlement is attached hereto, incorporated herein, and made part of the decree. The parties are ordered to comply with its terms."

The property settlement agreement provides:

"As and for a division of the real and personal property of the parties, [husband] agrees to pay [plaintiff] the sum of Five Hundred Thousand Dollars ($500,000.00)."

It then sets forth a complex payment schedule, which is subject to a variety of contingencies and allows the parties certain options.

The decree and accompanying property settlement agreement were filed with the County Clerk on June 4, 1979. Lougher, the deputy clerk who received the documents, stamped "FILED" on the front page of the decree and made a corresponding notation in the Register of Actions. However, she did not docket the decree as a judgment in the judgment

docket book, because she had been instructed not to do so unless the document contained language specifically stating that "one party had a judgment against another." Lougher's supervisor, deputy clerk Moehnke, testified that Lougher had acted in accordance with a judicial department policy that had been put into effect after the then presiding judge of the Circuit Court for Clackamas County had instructed: "You are not attorneys. You are not required to interpret what is meant by attorneys. If it does not specify—if it doesn't definitely say judgment, you do not docket it."

Plaintiff contends that the trial court erred in holding, as a matter of law, that the divorce decree and accompanying settlement agreement do not constitute a judgment against her former husband. However, she does not challenge the trial court's finding that the individuals who failed to docket the alleged judgment were acting in accordance with the judge's instructions. Rather, she contends that, under ORS 18.320, docketing of judgments is a statutorily mandated duty of the county clerk and is not subject to the "direction" of the circuit court judges. She argues, therefore, that, insofar as the judge's instructions were incorrect, any immunity from liability enjoyed by them under the circumstances of this case does not extend to defendant's employes and, under ORS 30.265(2),[1] to defendant, assuming that the documents did, in fact, constitute a judgment.

ORS 18.320, as it existed at all relevant times, provided:

"Immediately after the entry[2] of judgment in any action

---

[1] ORS 30.265(2) provides:

"Every public body is immune from liability for any claim for injury to or death of any person or injury to property resulting from an act or omission of an officer, employe or agent of a public body when such officer, employe or agent is immune from liability."

[2] *Former* ORS 18.030 (*repealed by* Or Laws 1981, ch 898, § 53), which was in effect at all times relevant to this action, provided:

"All judgments shall be entered by the clerk in the journal. All judgments shall specify clearly the judgment debtor, judgment creditor, the amount to be recovered, the relief granted or other determination of the action. The clerk shall, on the date entered, mail a copy of the judgment and notice of the date of entry of the judgment to each party who is not in default for failure to appear. The clerk also shall make a note in the docket of the mailing. In the entry of all judgments, except judgments by default for want of an answer, the clerk shall be subject to the direction of the court."

the clerk shall docket the same in the judgment docket."

In *Esselstyn v. Casteel et al,* 205 Or 344, 286 P2d 665, 288 P2d 214, 288 P2d 215 (1955), the court held that a county clerk who failed to docket a divorce decree in accordance with the statute could be held liable to the holder of the decree who lost her priority to a subsequent creditor.[3] However, the court did not address the effect of a finding that the clerk was acting pursuant to the instructions of the circuit court for the county in which the decree was filed.

In *State ex rel. v. Tolls,* 160 Or 317, 85 P2d 366 (1938), the court was faced with the other side of the problem. The question was whether the clerk was justified in refusing to obey an order of the court to docket an "order" that did not constitute a judgment. The court noted that the court clerk is a "mere arm of the court" and is subject to the control of the court in the performance of his or her duties.[4] 160 Or at 332 (quoting *Watson v. Odell,* 53 Utah 96, 98, 176 P 619 (1918)). It held that the clerk could be found in contempt for failing to follow the court's direction and explained:

> "We believe that an intolerable situation would be created were it to be held that the clerk could question the act of the court when acting judicially. A due regard for the dignity and authority of the office of judge and considerations of expediency and public policy demand that no such doctrine should be announced." 160 Or at 334.

---

[3] The decree in *Esselstyn v. Casteel et al, supra,* 205 Or at 348, provided:

> " 'IT IS HEREBY ORDERED, ADJUDGED AND DECREED,
>
> "'* * * * *
>
> " 'that the husband shall pay to the wife as property settlement the sum of eight thousand dollars, payable in monthly payments of $150.00 each * * * until the full sum of eight thousand dollars has been paid.' "

The court noted that, under *former* ORS 18.010, a judgment was defined as "the final determination of the rights of the parties in an action." The court held that the dispositive question is whether the court intended these to be a judgment, regardless of whether the decree specified monthly installments rather than a lump sum payment. *Compare Hagen v. Hagen,* 193 Or 369, 238 P2d 747 (1951).

[4] ORS 205.110(2), as it existed at all times relevant to this action, provided:

> "It is the duty of each county clerk * * * for each of the Courts for which he is clerk to:
>
> "* * * * *
>
> "(h) Exercise the powers and perform the duties conferred upon him elsewhere by statute.
>
> "(i)  In the performance of his duties, conform to the direction of the court."

The court also noted that it was not the duty of the clerk to seek legal advice as to the validity of a judgment and stated that he would have been fully protected against damage claims had he followed the instructions of the court.

The logic of the court's reasoning in *Tolls* has not diminished and places Oregon among the clear majority of jurisdictions which hold that the immunity afforded a judge acting in his or her judicial capacity extends to a clerk performing a ministerial function at the direction of the judge. *See generally Williams v. Wood,* 612 F2d 982, 985 (5th Cir 1980). Because a court is acting in its proper judicial capacity when it determines whether an order constitutes a judgment, we hold that both the individual judges and the clerks who acted at their direction are immune from liability, regardless of whether the judges' instructions were correct or whether plaintiff's decree and accompanying property settlement agreement was a judgment. Therefore, because defendant is immune from liability under ORS 30.265(2) for acts committed by its employes and agents for which they are themselves immune, the trial court did not err in granting defendant's motion for directed verdict.[5]

Affirmed.

---

[5] In the light of our holding on the immunity issue, we need not address plaintiff's contention that the decree and accompanying property settlement constitute a judgment.